**Conald GLOVER, et ux.**

v.

**W.R. GRACE & CO., INC., et al.**

**Civ. A. No. 1:91–CV–244.**

United States District Court, E.D. Texas, Beaumont Division.

July 12, 1991.

Greg Thompson, David Arthur Brandom, Umphrey Eddins & Carver, Beaumont, Tex., for plaintiffs.

Sandra French Clark, James L. Weber, Mehaffy & Weber, Beaumont, Tex., Martin L. Mayo, Giessel, Stone, Barker & Lyman, Houston, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER DENYING REMAND

COBB, District Judge.

### A.  Factual Background

The plaintiffs have filed a motion to remand this action to state court because one of the defendants, Joseph Crosfield & Son, Ltd. (Crosfield) failed to timely consent to removal.  As explained below, the plaintiffs' motion is denied.

This action was commenced in the 172nd District Court of Jefferson County, Texas on February 1, 1991 when the plaintiffs, all Texas citizens, filed their original petition. The defendants were served as follows: W.R. Grace (Grace) on February 21, 1991; Union Carbide on February 25, 1991; and Crosfield on February 27, 1991.  Grace filed a notice of removal on March 18, 1991 on the basis of diversity of citizenship. Grace is a Connecticut corporation, Union Carbide is a New York corporation, and Crosfield is a British corporation.  Union Carbide consented to the removal by filing a "Consent To Removal" on March 21, 1991.  Crosfield filed its original answer in this court on April 2, 1991.

The plaintiffs contend that Crosfield's failure to file or timely file an official notice of removal, joinder, or consent to the original notice of removal filed by Grace requires this court to remand the case. The court disagrees.

### B. The Law

 Under 28 U.S.C. § 1441(a) the defendants had the right to remove this action as there was, from the face the pleadings, complete diversity of citizenship between the adverse parties. *See* 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1446(b), the defendants had thirty days from the date of receipt of the plaintiffs' petition to file their notice of removal in this court. Grace's removal was therefore timely. When there are multiple defendants, the judiciary has grafted onto § 1446(b) the requirement that all defendants "join" in the petition for removal. *Gableman v. Peoria, D. & E. Ry.*, 179 U.S. 335, 337, 21 S.Ct. 171, 172, 45 L.Ed. 220 (1900). However, non-petitioning co-defendants need not sign the removal petition; it is sufficient if they consent to the removal. *Clyde v. National Data Corp.*, 609 F.Supp. 216, 218 (N.D.Ga.1985). Accordingly, Union Carbide timely consented to Grace's removal petition. Crosfield, however, did not manifest its consent, by filing an answer in this court, until April 2, 1991, thirty-four days after it received a copy of the plaintiffs' petition. Simply put, Crosfield should have consented to the removal or filed its own removal petition by Friday, March 29, 1991 instead of Tuesday, April 2, 1991.

It is clear that removal is a purely statutory right and that removal statutes should be strictly construed in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). The thirty day time limit for removal, however, is a formal requirement that may be waived, it is not a jurisdictional barrier. *Powers v. Chesapeake & O. Ry.*, 169 U.S. 92, 99, 18 S.Ct. 264, 266, 42 L.Ed. 673 (1898); *London v. United States Fire Ins. Co.*, 531 F.2d 257, 259 (5th Cir.1976). Similarly, this court is only *required* to remand if it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Here, Crosfield's consent to Grace's removal was merely four (4) days late. Crosfield is an alien corporation, a member of the class of defendants the framers of the Constitution and Congress sought to protect in allowing for diversity jurisdiction. *See generally* C.A. Wright, *The Law of Federal Courts* § 23 (1983). Nothing in the record suggests that the adverse parties are not in fact completely diverse.

### C. Conclusion

This court declines to elevate form over function. Accordingly, the plaintiffs' motion to remand should be, and hereby is, in all things, DENIED.

SO ORDERED.