**Robert BELSER, M.D.**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, et al.**

**Civ. A. No. 87–1060–B.**

United States District Court, M.D. Louisiana.

Sept. 26, 1991.

Paul H. Dué, Dué, Smith & Caballero, Baton Rouge, La. (Charles W. Roberts, of counsel), for plaintiff.

Arthur H. Andrews, Funderburk & Andrews, Baton Rouge, La., for Texas Medical Products, Inc. and Aetna Cas. Ins. Co.

## RULINGS ON MOTIONS FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This matter is before this Court on motions for summary judgment filed by the defendants, Sarns, Inc., Shiley, Inc., Bard Cardiopulmonary, Texas Medical Products and Extracorporeal Medical Specialties, Inc. (collectively referred to as "movers"). The defendants in this suit allegedly manufactured equipment utilized by a surgical team performing heart bypass surgery on the plaintiff on May 18, 1983. The plaintiff originally filed this suit in state court alleging that some or all of the equipment used in the plaintiff's surgery malfunctioned thereby causing plaintiff's injuries. The defendants removed the suit to this court pursuant to 28 U.S.C. § 1441.

Plaintiff filed a motion to remand the case to state court which was denied. After the Court denied plaintiff's motion to remand, the plaintiff filed a writ of mandamus with the U.S. Fifth Circuit Court of Appeals seeking to overturn the Court's decision which denied plaintiff's motion to remand. The Fifth Circuit denied the writ of mandamus on October 18, 1990. *In re Robert Belser, M.D.*, No. 90–3646 (5th Cir. 1990).

Since the Court's denial of plaintiff's motion to remand and the Fifth Circuit's refusal to grant a writ of mandamus, the plaintiff has refused to engage in discovery. Plaintiff has also failed or refused to file a response to the defendants' motions for summary judgment in order to preserve his objection to the Court's decision denying plaintiff's motion to remand. The Court has held a pretrial conference to clearly state to the plaintiff that the Court would not consider his filing an opposition to the summary judgment as a waiver of his objection to the Court's decision on the motion to remand, particularly since he sought and was denied a writ of mandamus by the Fifth Circuit Court of Appeals. Since the Court has given the plaintiff every opportunity to file an opposition and engage in discovery by extending the discovery deadlines, the Court believes it has been more than fair to the plaintiff in regard to the pending motions for summary judgment.

■ Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law."[1] To oppose the granting of summary judgment, Rule 56(e) provides that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, ... [instead, the defending party], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." When all the evidence presented by both parties could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[2]

■ The plaintiff's burden of proof in this case requires a showing that: (1) the equipment used during plaintiff's surgery was defective, i.e., unreasonably dangerous to normal use; (2) that the plaintiff's injury was caused by the defect; (3) and that the condition existed at the time the product left the manufacturer's control.[3]

■ Except for allegations set forth in the plaintiff's complaint, the record in this case is void of any evidence whatsoever which supports plaintiff's allegation that the product manufactured by movers malfunctioned or caused plaintiff's injuries in any way. There is clear evidence to the contrary. The depositions of Dr. B. Eugene Berry, the operating surgeon, and David Leucke, the heart perfusionist, clearly establish that there was no malfunction of any equipment used during the operation on Dr. Belser. Plaintiff has failed to produce any affidavits or other evidence to controvert movers' evidence rebutting plaintiff's allegations.

It is well settled that a party who bears the burden of proof at trial may not rest on the conclusionary allegations of the complaint to defeat a motion for summary judgment. Furthermore, Rule 56(c) of the Federal Rules of Civil Procedure requires this Court to enter summary judgment since Dr. Belser failed to submit sufficient evidence for the jury to enter a verdict in his favor.[4] A review of the record reveals that the defendants are entitled to summary judgment as a matter of fact and law.

THEREFORE, IT IS ORDERED that the motions for summary judgment filed by Sarns, Inc., Shiley, Inc., Bard Cardiopulmonary, Extracorporeal Medical Specialties, Inc., and Texas Medical Specialties be and each is hereby GRANTED.

Judgment shall be entered dismissing this suit with prejudice as to all defendants.

---

1. Fed.R.Civ.P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir.1986).

2. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

3. *Halphen v. Johns–Manville*, 484 So.2d 110, 113 (La.1986); *Bell v. Jet Wheel Blast*, 462 So.2d 166, 168 (La.1985).

