United States Court of Appeals,

Fifth Circuit.

No. 91–3902.

Robert BELSER, M.D., Plaintiff–Appellant,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, et al., Defendants–Appellees.

July 9, 1992.

Appeals from the United States District Court for the Middle District of Louisiana.

Before HIGGINBOTHAM and DUHÉ, Circuit Judges, and HUNTER, District Judge.[1]

DUHÉ, Circuit Judge:

We must decide whether the Judicial Improvements and Access to Justice Act[2] retroactively invalidates a motion to remand that was valid when filed. We hold that the previously valid motion is not nullified by the subsequent passage of the Act. We therefore reverse the judgment of the district court denying remand, vacate the summary judgments granted by the district court and instruct it to remand this cause to state court.

I.

The Plaintiff, Robert Belser, M.D., underwent cardiac surgery on May 13, 1983. On May 15, 1984, he sued his surgeon, Eugene Berry, M.D., in state court in St. Helena Parish, alleging malpractice. He also sued the manufacturers of equipment used in his surgery, along with the insurers of Dr. Berry and the product Defendants.[3]

---

[1] District Judge of the Western District of Louisiana, sitting by designation.

[2] Pub.L. No. 100–702, § 1016(c), 102 Stat. 4642, 4670 (1988) (codified at 28 U.S.C. § 1447(c)).

[3] The product Defendants are Bard Cardiopulmonary, Extracorporeal Medical Specialties, Inc., Sarns, Inc., Shiley, Inc., and Texas Medical Products, Inc. Aetna Casualty and Surety Company, which insures Texas Medical Products, is also one of the product Defendants.

Dr. Berry raised a declinatory exception of improper venue in the St. Helena court. The trial court overruled the exception, but in a decision rendered on May 27, 1987, the Louisiana Court of Appeal for the First Circuit reversed and transferred the case against Dr. Berry to East Baton Rouge Parish. *Belser v. St. Paul Fire & Marine Ins. Co.,* 509 So.2d 12 (La.Ct.App.1987). Later, two of the product Defendants moved in St. Helena Parish (where the case against the product Defendants was still pending) to schedule a hearing on their exceptions of venue and prescription. The court set a hearing date and notified counsel. It then overruled the venue exception of a third product Defendant, and on November 6, all of the product Defendants petitioned the East Baton Rouge Parish court to enjoin proceedings in St. Helena Parish. The East Baton Rouge Parish court denied the injunction, and one of the product Defendants obtained permission to appeal.

On December 9, 1987, however, the product Defendants filed a petition to remove the St. Helena Parish proceedings. On February 4, 1988, the Plaintiff moved to remand. The federal district court continued the federal proceedings pending a ruling from the Louisiana First Circuit on the denial of injunctive relief. Later, the federal district court stayed and administratively terminated the action without prejudice, as the First Circuit still had not rendered a decision and the federal district court intended to wait for the First Circuit.

On November 19, 1988, the Judicial Improvements and Access to Justice Act became law. Pub.L. No. 100–702, 102 Stat. 4642 (1988). The effect of this Act, and in particular its amendments to the removal statute, will be discussed below. *See infra* section III.A.

On April 11, 1989, the First Circuit dismissed the product Defendants' appeal as untimely. *Belser v. St. Paul Fire & Marine Ins. Co.,* 542 So.2d 163 (La.Ct.App.1989). The Plaintiff moved to reactivate his motion to remand. The federal district court denied the remand motion and declined to certify the remand issue for interlocutory appeal under 28 U.S.C. § 1292(b). We denied the Plaintiff's petition for a writ of mandamus, and the district court entered summary judgment for the

product Defendants. 778 F.Supp. 295. The Plaintiff appeals.

## II.

The Defendants' Motion to Supplement the Record on Appeal has been carried with the case. We now deny the motion because the material offered by the Defendants in supplement is irrelevant to the dispositive issues in this case.

## III.

In keeping with the needlessly complex procedural history of this case, the parties have raised numerous issues on appeal, including difficult jurisdictional questions. We need not resolve all of these issues. The Defendants' petition for removal was untimely, and the Plaintiff's motion to remand was timely. The district court should have remanded the case to state court on that ground.

## A.

The case against Dr. Berry, the only nondiverse Defendant, was severed from the case against the product Defendants and transferred to East Baton Rouge Parish on May 27, 1987. According to the Defendants' argument, the case thus became removable because complete diversity existed. Assuming that this argument is correct (an issue on which we express no opinion), the Defendants were required to remove the case within thirty days of the time that the case became removable. 28 U.S.C. § 1446(b).[4] The Defendants did not file their petition for removal until December 9, 1987, about six months after the May order of the First Circuit, and about five months too late. The petition for removal was untimely.

The Defendants' contention that they did not realize that the First Circuit Order transferred the case only insofar as it related to Dr. Berry is belied by their continuing to prosecute the case in

---

[4]The Judicial Improvements and Access to Justice Act did not affect this particular requirement of the removal statute.

St. Helena Parish. On July 9, 1987, two of the product Defendants moved in St. Helena Parish to schedule a hearing on their exceptions of venue and prescription. The St. Helena court ordered on July 24 that the exceptions would be heard on September 14, and on July 29 the court sent notices to counsel. On November 2, the St. Helena court denied the venue exception of a third product Defendant. These actions of the product Defendants show that they knew that their case was still pending in St. Helena Parish and had not been transferred with the case against Dr. Berry to East Baton Rouge Parish.

Untimely removal is a defect in removal procedure. It is not a defect of jurisdictional magnitude. *See Baris v. Sulpicio Lines,* 932 F.2d 1540, 1543–44 (5th Cir.) (a defect in removal procedure is "any defect that does not involve the inability of the federal district court to entertain the suit as a matter of its original subject matter jurisdiction"), *cert. denied,* —— U.S. ——, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991); *In re Shell Oil Co. (Shell I),* 932 F.2d 1518, 1521–23 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992). *But see Melahn v. Pennock Ins.,* No. 91–2316, —— F.2d ——, —— – ——, 1992 WL 119905, *4–5, 1992 U.S.App. LEXIS 12921, at *13–*17 (8th Cir. June 5, 1992); *Foster v. Chesapeake Ins. Co.,* 933 F.2d 1207, 1213 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991). Because the untimely removal is not a jurisdictional defect, the procedural imperfection is waived if not raised in a timely motion to remand. *Baris,* 932 F.2d at 1543–44; *Shell I,* 932 F.2d at 1521–23. We therefore must decide whether the Plaintiff's motion to remand is timely.

B.

We conclude that the motion to remand is timely. Before the amendments to the removal statute, a motion to remand was untimely only if it was filed after a reasonable time had elapsed or after the taking of affirmative steps in federal court. *See Harris v. Edward Hyman Co.,* 664 F.2d 943, 945 (5th Cir. Dec.1981). In this case, the Plaintiff took no affirmative steps in federal court; he only objected to the jurisdiction of that court. Nothing in the record shows that fifty-nine days was an

unreasonable delay. The Defendants' statement in brief that "[t]he district court in the instant case ... held that Dr. Belser did not move to remand within a reasonable time"[5] misrepresents the record. In fact, the district court stated, "For written reasons to be assigned later, if necessary, the court finds that the removal was proper in this case." 1 R. 273. The district court never assigned further reasons. The Plaintiff's motion to remand was timely when it was filed on February 4, 1988.

Over nine months later, the President signed into law the Judicial Improvements and Access to Justice Act. Pub.L. 100–702, 102 Stat. 4642 (1988). Motions to remand for defects in removal procedure now must be filed within thirty days of removal. 28 U.S.C. § 1447(c) (amended Nov. 19, 1988). That rule became effective immediately upon the President's signature, and it applies to motions filed after it became law, even in cases that were pending on the date of amendment. *In re Shell Oil Co. (Shell II),* 932 F.2d 1523, 1527 (5th Cir.1991), *cert. denied,* ⸺ U.S. ⸺, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992); *see also Turboff v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 867 F.2d 1518, 1521 (5th Cir.1989) (procedural laws are generally given retrospective application, although substantive laws generally are not); *United States v. Vanella,* 619 F.2d 384, 385–86 (5th Cir.1980) (same). Unlike the *Shell* court, we must consider a motion that was filed before the Act became law.

The rule that an appellate court applies the procedural law that exists at the time that the court decides the appeal has some exceptions. "[N]ew procedural statutes do not ordinarily invalidate steps *already taken* under the old law." *Wilson v. General Motors Corp.,* 888 F.2d 779, 781 (11th Cir.1989) (emphasis added) (citing *Belanger v. Great Am. Indem. Co.,* 188 F.2d 196, 198 (5th Cir.1951)). Moreover, American courts have long recognized that they "ought to struggle hard against a construction which will, by a retrospective operation, affect the rights of parties" and result in manifest injustice. *United States v. SCHOONER PEGGY,* 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801) (Marshall, C.J.), *quoted in Bradley v. School Bd. of Richmond,* 416 U.S. 696, 711–12, 94

[5]Orig. Br. of Defs.–Appellees at 9.

S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *see Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988); *Valero Refining, Inc. v. M/T LAUBERHORN,* 813 F.2d 60, 65 n. 7 (5th Cir.1987).

When a court determines whether retrospective application of a statute would wreak injustice, it should consider "(a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change in law upon those rights." *Bradley,* 416 U.S. at 717, 94 S.Ct. at 2019. Thus, when the matter concerns a private dispute between private parties (as opposed to controversies of great public import), and when it involves rights that are more than conditional or inchoate, and when "new and unanticipated obligations may be imposed upon a party without notice or an opportunity to be heard," then a court is most likely to find that retroactive application of a statute would result in manifest injustice. *Id.* at 717–20, 94 S.Ct. at 2019–22.

All three factors militate against holding that the Act retroactively nullified the Plaintiff's previously valid motion to remand. First, this matter is a "mere private case[ ]," between private parties. *Cf. SCHOONER PEGGY,* 5 U.S. (1 Cranch) at 110. Second, when the Plaintiff timely filed his motion to remand, his right to remand became mature and unconditional. *Cf. Bradley,* 416 U.S. at 720, 94 S.Ct. at 2020. Third, the change in the law would utterly deprive the Plaintiff of that right. In sum, application of the Judicial Improvements and Access to Justice Act would impose "a new and unanticipated obligation[ ]" on the Plaintiff. *Cf. id.* Months after he filed his motion to remand, Congress decided that he should file the motion within thirty days. We decline to apply the new Act to the motion to remand, which was valid and timely when filed, and thus work an injustice on the Plaintiff. Such a result would render the title of the Act ironic indeed.[6]

---

[6]Because we hold that retroactive application of the Act would cause manifest injustice in this case, we need not attempt to resolve the "apparent tension" between *Bradley* and *Bowen. See Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 837, 110 S.Ct. 1570, 1572, 108 L.Ed.2d 842 (1990).

IV.

For the foregoing reasons, the Defendants' Motion to Supplement the Record on Appeal is DENIED. The judgment of the district court denying remand is REVERSED. The summary judgments are VACATED and the cause is REMANDED to the United States District Court for the Middle District of Louisiana, WITH INSTRUCTIONS to remand the matter to the Twenty–First Judicial District Court, Parish of St. Helena, State of Louisiana.

REVERSED AND REMANDED WITH INSTRUCTIONS.