**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 91-3676

---

IN RE:  MEDSCOPE MARINE LIMITED and
        H. GLAHR & CO.,

                                        Petitioners.

---

On Petition for Writ of Mandamus to the United States
District Court for the Middle District of Louisiana

(August 31, 1992)

Before POLITZ, Chief Judge, WILLIAMS and DUHÉ, Circuit Judges.

POLITZ, Chief Judge:

Medscope Marine Limited and H. Glahr & Company petition for a
writ of mandamus asking that we vacate an order of the district
court which remanded this case to state court.  Concluding that we
are without jurisdiction we dismiss the petition.

Background

Roberto Geguera died while on the high seas.  The plaintiffs-
respondents, Charaito Bautista Geguera and Mamerto Geguera, filed
wrongful death claims in Louisiana state court, invoking the Jones

Act,[1] the Death on the High Seas Act (DOHSA),[2] and general maritime law. Medscope and Glahr removed the case, asserting that Mamerto Geguera had a separate and independent claim under DOHSA which would be removable if sued upon alone. The plaintiffs timely sought remand, contending that there was no removal jurisdiction over DOHSA claims. The district court granted the motion to remand on that basis and denied a subsequent motion for an interlocutory appeal certification under 28 U.S.C. § 1292(b). The instant application for writ of mandamus followed.

## Analysis

Before us is an order of remand based on a timely motion under 28 U.S.C. § 1447(c) asserting a defect in removal procedure other than lack of subject matter jurisdiction. Our threshold consideration is whether we have jurisdiction to entertain this application for a writ of mandamus.

In prior decisions we have determined that we have jurisdiction to review remand orders based upon _untimely_ remand motions, finding that to be a rare exception to the general rule of nonreviewability.[3] In those cases we suggested in dicta[4] that a

---

[1]    46 U.S.C. App. § 688.

[2]    46 U.S.C. App. §§ 761-767.

[3]    **McDermott Int'l v. Lloyd's Underwriters of London**, 944 F.2d 1199 (5th Cir. 1991); **In re Shell Oil Co.**, 932 F.2d 1518 (5th Cir. 1991); **In re Shell Oil Co.**, 932 F.2d 1523 (5th Cir. 1991); **Baris v. Sulpicio Lines, Inc.**, 932 F.2d 1540 (5th Cir. 1991); **In re Digicon Marine, Inc.**, 966 F.2d 158 (5th Cir. 1992).

remand order based upon a <u>timely</u> remand motion would be nonreviewable because of the prohibition contained in section 1447(d) which provides that:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, . . .[5]

In **Thermtron Products, Inc. v. Hermansdorfer**[6] the Supreme Court limited the broad nonreviewability language of section 1447(d) to remand orders based on section 1447(c). Pre-1988 section 1447(c) provided, in relevant part, that:

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case. . . .

In **London v. United States Fire Ins. Co.**[7] we held that either "improvident removal" or "lack of [subject matter] jurisdiction" is a proper, independent basis for remand under section 1447(c). As amended in 1988[8] section 1447(c) provides, in relevant part, that:

---

[4] **McDermott Int'l**, 944 F.2d at 1201 n.1; **In re Shell Oil Co.**, 932 F.2d at 1520 n.5; **In re Shell Oil Co.**, 932 F.2d at 1527; **Baris**, 932 F.2d at 1543; **In re Digicon Marine, Inc.**, 966 F.2d at 160 n.1.

[5] Added by May 24, 1949, ch. 139, § 84, 63 Stat. 102. Section 1447(d) has not been amended since.

[6] 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

[7] 531 F.2d 257 (5th Cir. 1976).

[8] P.L. 100-702, Title X, § 1016(c), 102 Stat. 4670.

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

The resolution of the jurisdictional question in the instant case turns on the congressional intent in the 1988 amendment to section 1447(c).

The second sentence of section 1447(c) commands the remand upon discovery of lack of subject matter jurisdiction, reflecting the established rubric that a federal court has the continuing obligation to assure itself of its power to act in a proceeding before it, whether the issue is raised by the parties or by the court on its own motion.[9]

The first sentence of section 1447(c), however, requires a more considered reflection. Aided by the limited legislative history of the 1988 amendment to section 1447(c),[10] we conclude that the intent of Congress was to impose a 30-day time limit for a remand motion based upon "any defect in removal procedure." The relevant legislative history informs that:

Section 1447(c) now appears to require remand to state court if at any time before final judgment it appears that the removal was improvident. So long as the defect in removal procedure does not involve lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties should

---

[9]  **Save The Bay, Inc. v. United States Army**, 639 F.2d 1100 (5th Cir. 1980).

[10]  H.R. Rep. No. 889, 100th Cong., 2d Sess. 1988, reprinted in 1988 USCC&AN 5982, 6031-6034.

4

be subject to the burdens of shuttling a case between two courts that each have subject matter jurisdiction. There is also some risk that a party who is aware of a defect in removal procedure may hold the defect in reserve as a means of forum shopping if the litigation should take an unfavorable turn. The amendment provides a period of 30 days within which remand must be sought on any ground other than the lack of subject matter jurisdiction. The amendment is written in terms of "removal procedure" in order to avoid any implication that remand is unavailable after disposition of all federal questions leaves only State law questions that might be decided as a matter of ancillary or pendent jurisdiction or that might instead be remanded.[11]

Thus informed, we are persuaded that section 1447(c) is a mere reconstitution of the existing statute and jurisprudence, with the addition of a strict time limitation on the privilege of filing remand motions. The legislative history addressed several core concerns relating to an unbridled right to seek a remand: (1) a party's right to seek remand at any time before final judgment on any ground other than the lack of subject matter jurisdiction; (2) the burden on state and federal courts; (3) the burden on the parties; and (4) the potential sandbagging should the federal litigation take an unfavorable turn. All of these concerns are ameliorated by the imposition of a 30-day time limit for the filing of the remand motions. Thus, brief that it is, the legislative history of section 1447(c) convinces us that the "removed improvidently" language of pre-1988 section 1447(c) was replaced, without intent to change the meaning, with the "defect in removal procedure" in the current section 1447(c).

Having thus concluded that section 1447(c) is a specific,

---

[11]     **Id.** at 6033.

time-limited reconstitution of the earlier statute, in light of intervening jurisprudence, we may now address the jurisdictional question, guided by controlling Supreme Court precedent. The **Thermtron** court held that section 1447(d)

> prohibits review of all remand orders issued pursuant to § 1447(c) <u>whether erroneous or not</u> and whether review is sought by appeal or by extraordinary writ . . . If a trial judge purports to remand a case on the grounds that it was removed 'improvidently and without jurisdiction,' his order is "unreviewable."[12]

We have consistently followed **Thermtron**'s teachings. The cases cited in footnotes 3 and 4, supra, involved orders of remand based upon <u>untimely</u> motions to remand for a defect in removal procedure. Because such a remand order is <u>not</u> a section 1447(c) remand, review was not precluded by section 1447(d) or **Thermtron.**

In the instant case, the district court remanded because a DOHSA case may not be removed to federal court. State and federal courts have concurrent original jurisdiction over DOHSA cases;[13] thus, the case before us could not be remanded for lack of subject matter jurisdiction. If DOHSA cases are not removable, then removal of a DOHSA case necessarily constitutes a defect in the manner by which the DOHSA case was brought before the federal court. This would be a defect in the removal procedure,[14] waived

---

[12]    **Thermtron**, 423 U.S. at 343, 96 S.Ct. at 589, 46 L.Ed.2d at 549 (emphasis ours).

[13]    **Offshore Logistics, Inc. v. Tallentire**, 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986).

[14]    **Baris**, 932 F.2d at 1343.

6

absent a timely motion to remand.  On the other hand, if DOHSA cases are removable, then the remand order premised upon a defect in removal procedure, although erroneous, would not be reviewable under **Thermtron**.[15]  We have pretermitted the question of DOHSA-case removability on a number of prior occasions.[16]  Because of the **Thermtron** teaching that a section 1447(c) remand order is nonreviewable, "whether erroneous or not," we are not now required to solve the DOHSA removability conundrum.[17]

We conclude that we are without jurisdiction to entertain the instant application for writ of mandamus to vacate an order of remand based upon a timely section 1447(c) motion raising a defect in the removal procedure.

DISMISSED FOR LACK OF APPELLATE JURISDICTION.

---

[15]    **Thermtron**, supra.

[16]    **Baris**, 932 F.2d at 1543 n.3.

[17]    See **Filho v. Pozos Int'l Drilling Services, Inc.**, 662 F.Supp. 94 (S.D.Tex. 1987) (for a persuasive, well-reasoned, and scholarly opinion concluding that DOHSA cases are nonremovable).