Suzanne THOMPSON, Plaintiff,

v.

LOUISVILLE LADDER CORPORATION and W.W. Grainger, Inc., Defendants.

No. 1:93–CV–0352.

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 21, 1993.

Mike Jacobellis, Tonahill Hile, Leister & Jacobellis, Beaumont, for plaintiff.

Gary Dale Elliston, Eric D. Wewers, Dehay & Elliston, Dallas, for defendants.

## *MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND*

COBB, District Judge.

### *I. INTRODUCTION*

Before the Court is Plaintiff's Motion to Remand. Having considered the documents on file and the arguments of the parties, the Court is of the opinion that the motion should be granted.

### *II. FACTS AND PROCEDURAL HISTORY*

Suzanne Thompson sued Louisville Ladder Corp. (Louisville Ladder) and W.W. Graing-er, Inc. (Grainger) in Texas state court in Jefferson County, Texas. Thompson's state court petition[1] alleged that she sustained personal injuries when she fell from a ladder manufactured by defendants. In her petition, Thompson asserted various causes of action including negligence, negligence *per se*, breach of warranty, and strict liability.

The plaintiff served Grainger with a copy of the citation and petition on June 23, 1993. In accordance with state practice, the return of service as to Grainger was filed with the state court clerk on June 25, 1993.[2] The plaintiff obtained service upon Louisville Ladder on June 24, 1993. Louisville Ladder removed the case to this court on July 23, 1993, asserting diversity jurisdiction.

On August 4, 1993, the plaintiff filed a motion to remand. The motion to remand asserted the attempted removal was procedurally defective because Grainger had neither joined in the Notice of Removal filed by Louisville Ladder nor timely consented to the removal. On August 10, six days after the motion to remand was filed, Grainger filed its "Notice of Consent to Removal."

### *III. DISCUSSION*

The procedures governing removal appear at 28 U.S.C. § 1446. Section 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). In cases involving multiple defendants, courts have interpreted this provision to require all served defendants to join in the removal. *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir.1990).[3] In this circuit,

---

1. Under Texas state court practice, the plaintiff's initial pleading is referred to as a "petition."

2. The plaintiff served Grainger by certified mail, return receipt requested. The return receipt filed with the state court clerk bears a June 25, 1993 filestamp.

3. This does not mean that each defendant must actually sign the notice of removal. However, there must be some timely filed written document from each served defendant, or its official representative, indicating that it has consented. *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988). This rule is subject to exceptions. Nominal defendants are not required to join in the removal. *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir.1970). In addition, join-

all served defendants must join in or consent to the removal within thirty days after the first defendant is served. *Getty Oil, Div. of Texaco v. Ins. Co. of North America,* 841 F.2d 1254, 1263 (5th Cir.1988). This requirement promotes unanimity among defendants. *Getty Oil,* 841 F.2d at 1263.

Recently, Judge Nowlin further refined the joinder requirement in *Milstead Supply Co. v. Casualty Insurance Co.,* 797 F.Supp. 569 (W.D.Tex.1992). *Milstead Supply* holds that joinder is required only of those defendants (1) who have been served *and* (2) whom the removing defendant actually knew or should have known had been served. *Milstead Supply,* 797 F.Supp. at 573. The court explained that the second requirement includes those defendants whom the removing defendant actually knows have been served, as well as those defendants whom the removing defendant should know have been served by virtue of the constructive notice provided by the filing of the return of service with the state court clerk. *Id.* According to the court, "the constructive notice element should be applied to removing defendants who had a reasonable time to become aware of the filing of such service and had a reasonable time in which to obtain the consent or joinder of such defendants." *Id.*

■ Application of the law to this case reveals the following. Plaintiff sued two defendants, each of which had been served at the time Louisville Ladder filed its notice of removal. At the hearing on this motion, counsel for Louisville Ladder represented that he was aware that Grainger had been served at the time of removal. Therefore, under *Milstead Supply,* Grainger was required to timely join in this removal. Even assuming Louisville Ladder was not actually aware that Grainger had been served, defendants are in no better position. The return of service on Grainger had been on file with the state court clerk since June 25, 1993. Therefore, Louisville Ladder had been on constructive notice of the fact that Grainger had been served for 27 days before Louisville Ladder removed the case. Doubtless, this is a reasonable time to become aware of the service and obtain Grainger's consent. Grainger did not consent until August 10, 1993, when it filed its "Notice of Consent to Removal." This is well past the expiration of thirty days from June 23, 1993, the date on which the first defendant was served.

■ The defendants argue that Grainger's failure to timely join should be excused. Louisville Ladder explains that it could not ascertain the identity of counsel for Grainger in time to obtain Grainger's consent.[4] As soon as Louisville Ladder learned the identity of counsel, Louisville Ladder obtained Grainger's consent. The defendants offer no authority for this position, and the Court has found none. It would be an unwarranted extension of *Milstead Supply* to apply the rule of that case to situations in which the return of service does not disclose the name of a party's lawyer. Consequently, the Court holds that this removal is defective due to the failure of Grainger to timely join.

■ Having said that, it becomes necessary to answer the question of whether the defect has been waived. Failure to join in the removal is not a defect of jurisdictional magnitude. *See Johnson,* 892 F.2d at 423; *Getty Oil,* 841 F.2d at 1263. In fact, *any* defect that does not involve the question of whether the case *originally* could have been brought in federal district court is merely a defect in removal procedure. *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1544 (5th Cir.1991). A rule requiring that all defendants timely join in removal cannot involve a question of original subject matter jurisdiction, because the joinder rule is unique to removal proceedings. Failure to timely join, therefore, constitutes a defect in removal procedure, subject to waiver. *See In re Shell Oil Co.,* 932 F.2d 1518, 1523 (5th Cir.1991),

der *is not required of defendants who have not been served at the time the notice of removal is filed. Albonetti v. GAF Corporation—Chemical Group,* 520 F.Supp. 825, 827 (S.D.Tex.1981).

**4.** Grainger's insurer or risk manager obtained from plaintiff's attorney an extension of time to file its answer which was due on July 19, 1993. Had *Grainger* timely filed its an answer, *Louisville Ladder* could easily have learned the identity of *Grainger's* attorney and sought joinder in the removal petition.

*cert. denied,* —— U.S. ——, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992). A party waives all procedural defects by failing to seek remand within thirty (30) days after the filing of the notice of removal. 28 U.S.C. § 1447(c). *See Shell Oil,* 932 F.2d at 1522–23.

■ The facts do not support the conclusion that plaintiff has waived the defect. Louisville Ladder filed its notice of removal on July 23, 1993. Plaintiff's motion to remand, pointing out Grainger's failure to join, was filed on August 4, 1993. This is well within the time prescribed by § 1447(c). Likewise, there is no evidence that plaintiff engaged in any other conduct between July 23, 1993 and August 4, 1993 that would forfeit her right to seek remand. Simply put, the plaintiff acted in a timely manner in pointing out that the defendants did not.

In its effort to sustain this removal, defendants rely on *Glover v. W.R. Grace & Co.,* 773 F.Supp. 964 (E.D.Tex.1991). In *Glover,* one of the defendants consented to the removal four (4) days later, but it does not appear whether a motion to remand was filed during that time. After acknowledging this defect, this court noted that the requirement mandating all defendants consent to the removal was not a jurisdictional prerequisite. The court reasoned that § 1447(c) only mandated remand when the court lacked subject matter jurisdiction.

In order to understand *Glover,* some history is required. For many years, the statute authorizing remand stated, "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court *shall* remand the case...." 28 U.S.C. § 1447(c), *amended by* 28 U.S.C. § 1447(c) (1988) (emphasis added). The Judicial Improvements and Access to Justice Act amended § 1447(c) to read:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judg-

ment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.

28 U.S.C. § 1447(c) (emphasis added).

After the amendment, § 1447(c) appears to *mandate* remand only when the court finds that it lacks subject matter jurisdiction. *Glover* suggests that the district court may be able to exercise some discretion over whether remand should be ordered when the case suffers from only a procedural defect. Two recent pronouncements from the Fifth Circuit, however, question the validity of *Glover.*

The first case is *Belser v. St. Paul Fire and Marine Ins. Co.,* 965 F.2d 5 (5th Cir. 1992). *Belser* involved a case decided under old § 1447(c). In *Belser,* the defendants failed to timely file their notice of removal under § 1446(b). The district court denied the plaintiff's motion to remand, and rendered summary judgment in favor of the defendants. On appeal, the Fifth Circuit concluded that the removal was untimely, and that the plaintiff had timely filed its motion to remand.[5] As a consequence the Fifth Circuit reversed the denial of the remand, vacated the summary judgment, and remanded the case to the district court with instructions to remand the case to the Louisiana state court. *Belser,* 965 F.2d at 9. *Belser,* therefore, stands for the proposition that, under old § 1447(c), remand was mandatory upon a finding that a party has preserved a defect in removal procedure by timely filing a motion to remand.

The second case is *In re Medscope Marine, Ltd.,* 972 F.2d 107 (5th Cir.1992). In *Medscope Marine,* the court examined the legislative history behind the amendment to § 1447(c). The court concluded that the amendment was a "mere reconstitution of the existing statute and jurisprudence, with the addition of a strict time limitation on the privilege of filing remand motions." *Medscope Marine,* 972 F.2d at 109–10. If the new statute is merely a reconstitution of the existing law, it follows that § 1447(c), as

---

5. Although the remand motion in *Belser* was filed fifty-nine (59) days after the notice of removal, the remand motion was filed prior to the effective date of the Judicial Improvements and Access to Justice Act. The Fifth Circuit refused to

apply retroactively the thirty day limitation of amended § 1447(c) to invalidate a motion which was timely and valid when filed. *Belser,* 965 F.2d at 9.

amended, mandates remand upon a finding of a defect in removal procedure that has been preserved by a timely filed motion to remand. The only change in the law is the inclusion of a thirty (30) day time limitation on the "privilege" of filing a remand motion asserting a defect in removal procedure. *Medscope Marine,* 972 F.2d at 109–10.

Read together, these cases convince this Court that when a party timely presents a motion to remand complaining of a procedural defect, remand is required. According to *Belser,* this was the law under old § 1447(c), and such continues to be the law by virtue of the Fifth Circuit's holding in *Medscope Marine.* Any statements contrary to this in *Glover* were made without the benefit of the recent Fifth Circuit holdings. Although the statements in *Glover* were not expressly disapproved by the Fifth Circuit in its holdings, this Court declines to follow *Glover* because it was probably wrongly decided.

The Plaintiff's Motion to Remand is GRANTED. This case is REMANDED to the Sixtieth Judicial District Court of Jefferson County, State of Texas.