**Raymond JONES and Barbara H. Jones**

v.

**Beamon SCOGIN, et al.**

**Civil Action No. 96–0754.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

June 4, 1996.

Thomas B. Wahlder, Alexandria, LA, for plaintiffs.

Donald J. Armand, Jr., Blanchard Walker Oquin & Roberts, Shreveport, LA, for defendants.

LITTLE, District Judge.

*RULING*

Plaintiffs, Raymond Jones and Barbara H. Jones, filed a Motion to Remand in the above captioned case on 26 April 1996. As of this date defendants have filed no opposition. For the following reasons, the motion to remand is GRANTED.

## I

Plaintiffs brought this personal injury suit in the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana on 5 March 1996. Plaintiffs, domiciliaries of Louisiana, named as defendants Beamon Scogin, Texas Foundries, Inc., the Travelers Insurance Company and State Farm Mutual Automobile Insurance Company—all of whom are either individuals domiciled in a foreign state or foreign corporations authorized to do business in Louisiana. Travelers and State Farm were both properly served through the Louisiana Secretary of State, their designated agent for service of process, on 12 March 1996. Defendants Scogin and Texas Foundries were both served pursuant to the Louisiana Long Arm Statute on 16 March 1996 and 19 March 1996 respectively.

On 29 March 1996, Travelers filed a Petition and Notice of Removal with this court invoking jurisdiction pursuant to 28 U.S.C. § 1332. None of the other defendants, however, has filed any written documents in the court record indicating consent to the removal action.

## II

■ While the removal statute does not explicitly so state, it is well settled that in cases involving multiple defendants, all defendants, properly joined and served, must join in the Notice of Removal. *Johnson v. Helmerich & Payne, Inc.,* 892 F.2d 422, 423 (5th Cir.1990); *Thompson v. Louisville Ladder Corp.,* 835 F.Supp. 336, 337 (E.D.Tex. 1993). Under this "rule of unanimity," all defendants must join in the Notice of Removal or otherwise consent to the removal within the thirty-day period set forth in 28 U.S.C. § 1446(b) in order to perfect removal. *Getty Oil, Division of Texaco, Inc., v. Insurance Co. of North America,* 841 F.2d 1254, 1262–63 (5th Cir.1988).

■ While each defendant need not actually sign the Notice of Removal, there must be some timely filed written document from each served defendant, or its official representative, indicating that it has consented. *Id.* at 1262 n. 11; *Thompson,* 835 F.Supp. at 337, n. 3. Further, while there is some dispute among the circuits as to when the thirty-day period begins to run in cases involving multiple defendants, in the Fifth Circuit, it is clear that all served defendants must join in or consent to removal within thirty days after the first defendant is served. *Getty Oil,* 841 F.2d at 1263; *Thompson,* 835 F.Supp. at 337–38. Failure to comply with the thirty-day time limitation or with the unanimity requirement renders the removal procedurally defective. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n. 1 (9th Cir.1988); *Acme Brick v. Agrupacion Exportadora de Maquinaria Ceramica,* 855 F.Supp. 163, 165 (N.D.Tex.1994).

■ In the present case, service of process was effected upon Travelers and State Farm on 12 March 1996. Service of process was effected upon the two long-arm defendants on 19 March 1996. Thus, all defendants had been served prior to the 29 March 1996 filing of Travelers' Petition and Notice of Removal. Therefore, in order for the removal to be perfected, all defendants were required to join in and consent to removal within thirty days of 12 March 1996, the date Travelers was served. As of this date, neither State Farm, Scogin, nor Texas Foundries has filed any timely written document indicating consent to the attempted removal, even though Travelers, Scogin and Texas Foundries are represented by the same counsel and have filed a joint answer.

The failure of State Farm, Scogin and Texas Foundries to join in the removal thus renders the removal defective. As a result, remand of this action to state court is required.

Accordingly, plaintiffs' Motion to Remand this action to the Ninth Judicial District Court, Parish of Rapides, State of Louisiana, is GRANTED.