# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

———————

No. 00-60569

———————

EXXON CHEMICALS AMERICA,

Petitioner,

versus

ELAINE CHAO; ADMINISTRATIVE REVIEW BOARD, UNITED
STATES DEPT OF LABOR; EDWIN A. MELENDEZ,

Respondents.

Petition for Review of an Order of the
United States Department of Labor

July 30, 2002

Before EMILIO M. GARZA, BENAVIDES, and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Exxon Chemicals America ("Exxon") appeals an order of the United States Department of

Labor Administrative Review Board ("ARB") remanding this case to the Administrative Law Judge

("ALJ"). We now must determine whether we have jurisdiction to review the ARB's action.

This appeal arises from Exxon's termination of Edwin A. Melendez from his position as a tool

room technician, allegedly for insubordination. Following his discharge, Melendez filed a complaint

with the Department of Labor alleging that he suffered several adverse employment actions during his tenure at Exxon, including his discharge, in violation of the "whistleblower" provisions of the Clean Air Act ("CAA"), 42 U.S.C. § 7622, and the Toxic Substance Control Act ("TSCA"), 15 U.S.C. § 2622. After the Department of Labor denied him relief, Melendez requested a formal hearing before the ALJ.

The ALJ initially ruled that Melendez's complaint letters were not timely filed and dismissed his claims. On appeal, the Secretary of Labor disagreed and remanded the case to the ALJ for further factual development and reconsideration of the timeliness issue.[1] On remand, the ALJ ruled that Melendez's complaint was timely filed. The ALJ, however, also concluded that Melendez had failed to establish that Exxon had retaliated against him for engaging in protected activities under the CAA and TSCA, and once again dismissed Melendez's claim. Melendez also appealed this decision. On appeal, the ARB vacated the ALJ's decision on the merits and remanded the case for further fact-finding and consideration.

Exxon now appeals the ARB's remand order. Secretary of Labor Elaine L. Chao (the "Secretary") has filed a motion to dismiss Exxon's appeal for lack of jurisdiction, arguing that the ARB's remand order is not a final agency action. In response, Exxon contends that the ARB's remand order is a final agency action. In the alternative, Exxon argues that even if the ARB's decision was not a final agency action, we have jurisdiction to review the remand order under the exception to the final agency action rule set forth in *Leedom v. Kyne*, 358 U.S. 184 (1958) or under the collateral order doctrine.

---

[1]Prior to the creation of the ARB in 1996, the Secretary of Labor decided appeals under the whistleblower provisions of the CAA and TSCA. Thus, Melendez's first appeal was decided by the Secretary of Labor and his second appeal was heard by the newly-created ARB.

The CAA and TSCA both provide that any person "adversely affected or aggrieved by an order issued [pursuant to the employee protection provisions of either statute] may obtain review of the order in the United States court of appeals for the circuit in which the violation, with respect to which the order was issued, allegedly occurred." 42 U.S.C. § 7622(c)(1); 15 U.S.C. § 2622(c). Both statutes provide that our review of the ARB's decision is governed by the Administrative Procedure Act ("APA"). *Id.* The APA, in turn, limits our review to "[a]gency action[s] made reviewable by statute and final agency action[s] for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

Both the CAA and the TSCA grant this court jurisdiction over appeals from three types of orders: (1) administrative orders approving settlements; (2) administrative orders granting specified relief; and (3) administrative orders denying relief. 42 U.S.C. § 7622(b)(2)(A) & (c)(1); 15 U.S.C. § 2622(b)(2)(A) & (c)(1); *see also Macktal v. Sec'y of Labor*, 923 F.2d 1150, 1153 (5th Cir. 1991). The ARB's remand order does not fall within one of these three categories. Thus, we must determine whether the remand order constitutes a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) (holding that "[w]hen, as here, review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action'").

In order for an agency action to be "final," it must satisfy two conditions. First, the "action must mark the 'consummation' of the agency's decision-making process." *Am. Airlines, Inc. v. Hermann*, 176 F.3d 283, 287 (5th Cir. 1999) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)). In other words, "it must not be of a merely tentative or interlocutory nature." *Id.* at 287-88.

Second, the action must be one "by which rights or obligations have been determined, or from which legal consequences will flow." *Sierra Club v. Peterson*, 228 F.3d 559, 565 (5th Cir. 2000) (en banc). In contrast, a non-final agency action is one that "does not itself adversely affect [the] complainant but only affects his rights adversely on the contingency of future administrative action." *Am. Airlines*, 176 F.3d at 288 (quoting *Rochester Tel. Corp. v. United States*, 307 U.S. 125, 130 (1939)).

Here, the ARB's remand order did not constitute a final agency action. First, the action was not the consummation of the agency's decision-making process. The ARB has not issued a decision definitively resolving the merits of Exxon's case. *See Newpark Shipbuilding & Repair, Inc. v. Roundtree*, 723 F.2d 399, 406 (5th Cir. 1984) (en banc) (holding that a remand order "is not a final order . . . and is, thus, not subject to judicial review at this time, since it did not end the litigation on the merits and leave nothing for the trier to do but execute the judgment"). Moreover, the ARB's remand order does not have a substantial effect on Exxon's rights such that they cannot be altered by subsequent action by the ARB. *See Atlanta Gas Light Co. v. Fed. Power Comm'n*, 476 F.2d 142, 147 (5th Cir. 1973) (explaining that "[t]he requirement that the reviewable order be 'definitive' in its impact upon the rights of the parties is something more than a requirement that the order be unambiguous in legal effect. It is a requirement that the order have some substantial effect which cannot be altered by subsequent administrative action."). Exxon may ultimately prevail in front of the ARB, mooting any current challenge to the ARB's findings. As we stated in *American Airlines*, "[t]his possibility [that Exxon may prevail in its administrative action] warrants the requirement that [Exxon] pursue administrative adjudication, not shortcut it." *Am. Airlines*, 176 F.3d at 292.

The structure of the Department of Labor review process reinforces our conclusion that the ARB's remand order is non-final. The Department of Labor's regulations provide that the ALJ can

-4-

issue only a "recommended decision and order." 29 C.F.R. § 24.7. Once a party appeals that order

to the ARB, the ALJ's decision becomes legally inoperative unless the ARB issues an order adopting

the ALJ's decision. 29 C.F.R. § 24.8(a). Otherwise, the ARB makes its own *de novo* factual and

legal findings. 5 U.S.C. § 557(b) (stating that "[o]n appeal from or review of the initial decision, the

agency has all the powers which it would have in making the initial decision"). Here, because the

ARB expressly declined to make any factual findings in its remand order, there are no finalized factual

findings for us to review. Hence, the ARB's remand order is not a "final agency action" under the

APA.[2]

In the alternative, Exxon argues that even if the ARB's action was not a "final agency action,"

we have subject matter jurisdiction to review the ARB's remand order under the exception set forth

in *Leedom v. Kyne*, 358 U.S. 184 (1958). In *Kyne*, a professional association petitioned the National

Labor Relations Board ("NLRB") for certification as the exclusive collective bargaining agent for

non-supervisory professional employees at a plant. A competing labor organization sought to

intervene and include certain technical employees in the bargaining unit. The NLRB concluded that

the technical employees were not professional employees, but nevertheless decided to include nine

of them in the collective bargaining unit. In reaching its decision, the NLRB refused to conduct a

required vote. The National Labor Relations Act ("NLRA") forbids combining professional and non-

---

[2]Exxon argues that the ARB has been delegated authority only to issue final agency decisions. As such, all orders issued by the ARB must necessarily be final agency decisions. Exxon's argument misconstrues the test for "final agency actions" under the APA. The *American Airlines* test focuses solely on the specific characteristics of the agency action, and not on whether the agency had the authority to render such a decision. *Am. Airlines*, 176 F.3d at 287-88. The fact that an administrative agency does not have the authority to render a non-final decision does not, in and of itself, transform an interlocutory or procedural ruling into a final decision. Instead, we may have jurisdiction to review an *ultra vires* agency decision under one of the exceptions to the final agency action rule.

professional employees in a bargaining unit without allowing a "majority of such professional employees to vote for inclusion in such unit." 29 U.S.C. § 159(b)(1). As a result, the Supreme Court held that the district court had jurisdiction to entertain the suit despite a clause in the NLRA expressly precluding such review because the NLRB's decision exceeded its congressionally delegated authority and was contrary to a "clear and mandatory" prohibition in the NLRA. *Kyne*, 385 U.S. at 188.

The *Kyne* exception is inapplicable in this instance. In *Kyne*, the Court focused on whether the NLRB acted beyond the scope of Congress's delegation of authority by violating a provision of the NLRA. As the Court stated: "This Court cannot lightly infer that *Congress* does not intend judicial protection of rights *it confers* against agency action taken in excess of delegated powers." *Kyne*, 358 U.S. at 190 (emphasis added). In other words, the focus of the *Kyne* exception is whether "an *agency* exceeds the scope of its delegated authority or violates a clear statutory mandate." *Am. Airlines*, 176 F.3d at 293. Here, Exxon concedes that Congress, in enacting the CAA and TSCA, delegated the authority to the Secretary to remand cases to the ALJ for further consideration. Exxon's only complaint is that the ARB, instead of the Secretary, issued the remand order in this instance. Thus, the *agency* has not exceeded the scope of its congressionally delegated authority or its clear statutory mandate. Instead, Exxon only alleges that a party within the agency exceeded its own authority within the administrative adjudicative process.

Even assuming that the *Kyne* exception applies to internal agency delegations of authority, Exxon's claim lacks merit because the ARB clearly acted within the scope of its authority. Exxon argues that when the Secretary issued Order 2-96 (the "Order") creating the ARB, it granted the

ARB only the power to issue final agency decisions, and not the power to remand cases to the ALJ.[3] 61 Fed. Reg. 19,978 (1996).  Specifically, Exxon focuses on Item Four of the order, which provides: "The [ARB] is hereby delegated authority and assigned responsibility to act for the Secretary . . . in issuing final agency decisions on questions of law and fact."  *Id.*  Exxon's argument ignores the fact that the Secretary also delegated to the ARB the authority to "prescribe such rules of practice and procedure as it deems necessary and appropriate for the conduct of its proceedings."  61 Fed. Reg. at 19,979.  The Secretary provided the ARB with the authority to fashion housekeeping rules in order to fulfill its adjudicative role within the Department of Labor.  The ARB's remand power is procedural in nature, and therefore is within the scope of this delegation of authority.  *See Belser v. St. Paul Fire & Marine Ins. Co.*, 965 F.2d 5, 8 (5th Cir. 1992) (stating that the Judicial Improvements Access to Justice Act, governing remands to state courts for lack of subject matter jurisdiction, was procedural in nature).  The ARB's remand power, like its other procedural powers, is merely a tool to assist in allocating internal agency resources and in reaching a final decision in a given dispute, which we then have jurisdiction to review.

The Secretary's own regulations also support the ARB's authority to remand decisions to the ALJ.  Section § 24.8 provides that any party seeking review of an ALJ's recommended decision "shall file a petition for review with the [ARB], which has been delegated the authority to act for the Secretary *and* issue final decisions under this part."  29 C.F.R. § 24.8(a) (emphasis added).  The regulation's use of the word "and" implies that the ARB has the authority to act for the Secretary in

---

[3]Exxon does not argue that the Secretary herself could not remand this case to the ALJ under the CAA and TSCA.  Instead, it argues that the ARB has the power to issue only final decisions and the Secretary retains the power to issue remand orders.  Thus, under this bifurcated review procedure, only the Secretary has the authority to issue remand orders to the ALJ.

addition to issuing final agency decisions. *See* BLACK'S LAW DICTIONARY 86 (6th ed. 1990) (stating that the use of the word "'and' express[es] the relationship of addition"). When read in conjunction, the Order and regulations establish that the ARB has the authority to issue non-final, procedural rulings in order to fulfill its adjudicative role.

Moreover, even if the ARB exceeded its delegated authority when it remanded this case to the ALJ, we still lack jurisdiction to review that decision under *Kyne* because Exxon can obtain meaningful judicial review of the ARB's decision after this case ultimately is decided on the merits. *Bd. of Governors of Fed. Reserve Sys. v. MCorp Fin. Inc.*, 502 U.S. 32, 43 (1991) (holding that "central to our decision in *Kyne* was the fact the [agency's] interpretation . . . would wholly deprive the [party] of a meaningful and adequate means of vindicating it statutory rights").[4] If and when the ARB finds that Exxon violated the whistleblower provisions of the CAA and TSCA, Exxon will have an unassailable right to seek review of the ARB's decision. As such, Exxon cannot rely on the *Kyne* exception in this instance.

Finally, Exxon argues that we have jurisdiction to review the ARB's decision under the collateral order doctrine. The collateral order doctrine provides that an order is excepted from the finality rule if it is (1) a conclusive decision; (2) on an important issue completely separate from the merits of the case, such as a procedural or evidentiary question; (3) that is effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

---

[4]In support of its argument, Exxon relies heavily on *Dart v. United States*, 848 F.2d 217 (D.C. Cir. 1988). In *Dart*, the court dealt with a finality clause in the Export Administration Act ("EAA"), which expressly precluded judicial review. *Dart*, 848 F.2d at 221 ("The order of the Secretary shall be final and is not subject to judicial review"). Critical to the *Dart* court's decision to review the case under the *Kyne* exception was the fact that there was no other opportunity for meaningful judicial review of the agency's decision. Here, however, Exxon may appeal the ARB's decision once the agency review process is complete.

Exxon's main contention on this issue is that the invalidity of the ARB's remand order is effectively unreviewable on appeal from a subsequent final decision. Exxon's argument is without merit. The review procedure under the APA expressly provides for judicial review of administrative procedural rulings after a final agency action. The APA states: "A preliminary, *procedural*, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704 (emphasis added). Furthermore, we have previously held that we can review an agency review board's remand order to an ALJ after the final agency decision is rendered. *Mijangos v. Avondale Shipyards, Inc.*, 948 F.2d 941, 943 (5th Cir. 1991) (explaining that the fact "[t]hat this Court previously had no jurisdiction to review the order remanding the case [to the ALJ] does not mean that this Court may never review that order"). If the ARB rules against Exxon, Exxon will have an adequate opportunity to challenge both the ARB's final decision, as well as the propriety of its remand order. As such, the ARB's action is effectively reviewable on appeal from the final agency order and review under the collateral order doctrine is inappropriate.

Given the foregoing, we GRANT the Secretary's motion to dismiss Exxon's petition for review for lack of jurisdiction.