W. EUGENE DAVIS, Circuit Judge:
A large number of Costa Rican nationals sued several defendants in Texas state court. The plaintiffs alleged that a chemical manufactured and used by the defendants in Costa Rican banana plantations rendered them sterile. On October 24, 1990, the defendants removed the case to the United States District Court in Houston. On November 27, 1990, the plaintiffs moved to remand the case to the state court. The plaintiffs argued that the case was improperly removed because two of the defendants were citizens of Texas, the original forum state. The local-citizen defendants argued that they were fraudulently joined to defeat removal. The defendants further contended that because the plaintiffs did not move to remand within 30 days of removal, they had waived their right to remand. In December 1990, the district court granted the plaintiffs’ motion and remanded the case to state court. The defendants have applied to this court for a writ of mandamus compelling the district court to recall its remand order.
I.
The first issue we face is whether this court may review the district court’s remand order. Severe limits have been *1515 placed on our authority to review a remand order. See 28 U.S.C. § 1447(d) (“An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise_”). But in Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the Supreme Court concluded that § 1447(d) did not preclude all review of remand orders. At that time, § 1447(c) provided that a district court shall remand a case if “the case was removed improvidently and without jurisdiction.” The Court first observed that § 1447(d) prohibited review of all remand orders issued pursuant to § 1447(c). The Thermtron Court then framed the issue presented as “whether § 1447(d) also bars review where a case has been properly removed and the remand order is issued on grounds not authorized by 1447(c).” Id. at 343, 96 S.Ct. at 589. The judge in Thermtron had issued a remand order based not on improvident removal and lack of jurisdiction, but “[bjecause of [his] crowded docket and because other cases had priority on available trial time.” Id. at 340, 96 S.Ct. at 588. The Supreme Court held that that remand order was reviewable because it was made for grounds not specified in § 1447(c).
Applying Thermtron to the instant case is difficult because § 1447(c) has been amended since that case was decided.[1] That section now provides:
A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
28 U.S.C. § 1447(c). Thus the old language referring to a case being “removed improvidently and without jurisdiction” has been replaced with the new language of “lacks subject matter jurisdiction.” Moreover, the new version of the statute imposes a 30-day time limit on filing remand motions for defects in “removal procedure.”
In the instant case the district court never specifically cited § 1447(c). Instead it based its remand order on § 1441(b). That section provides that a diversity action “shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.” 28 U.S.C. § 1441(b). The forum defendants argue that they were fraudulently joined to circumvent removal. The district court rejected the defendants’ argument and specifically found that they “failed to prove fraudulent joinder.” [2] Although the defendants were citizens of the forum state, the district court still had subject matter jurisdiction because complete diversity existed. See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Thus the district court, which clearly had subject matter jurisdiction, based its remand order on a lack of removal jurisdiction under § 1441(b). The question becomes whether a remand under these circumstances is reviewable.
While both sides take comfort in Thermtron, that case interpreted a pre-amendment § 1447(c). The defendants read Thermtron literally. They contend that Thermtron only bars review of remand orders issued on the authority of § 1447(c). See 423 U.S. at 345, 96 S.Ct. at 590. Because amended § 1447(c) only refers to remand for “lack of subject matter jurisdiction,” the defendants argue that only remands based on jurisdiction are immunized from review. Thus the defendants conclude that because the district court remanded the case for a non-jurisdictional reason, its order may be reviewed.
The plaintiffs read Thermtron differently. They argue that the remand in Therm-tron was facially unauthorized because removal in that case had been entirely proper and not in violation of any statute. They cite language in Thermtron which says that “no express statutory provision forbid[s] the removal of this action.” 423 U.S. at 344 n. 8, 96 S.Ct. at 589 n. 8; see also id. *1516 at 343-44, 96 S.Ct. at 589-90 (respondent did not question the propriety of the removal); id. at 345, 96 S.Ct. at 590 (the Court of Appeals did not suggest that the case was not removable under § 1441); id. at 351, 96 S.Ct. at 593 (noting the case was “properly removed”). The plaintiffs argue that a patently unauthorized remand (such as in Thermtron) is different from a remand based on a statutory restriction on removal (such as § 1441(b)).[3]
We do not read Thermtron to say that the reviewability of a remand order depends on whether it is issued on the authority of a statute. While subsection (d) of § 1447 prohibits appellate review of remand orders, the Court held that that subsection must be read in conjunction with subsection (c). Thus according to Therm-tron, only remand orders based on improvident removal and lack of jurisdiction (the text of then-existing § 1447(c)) escaped review. See 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3740, at 595 (2d ed. 1985) [hereinafter Wright & Miller] (“the ban on review prescribed in Section 1447(d) was limited to remand orders based on grounds for removal authorized by Section 1447(c)”); see also 1A J. Moore & B. Ringle, Moore’s Federal Practice ¶[ 0.169[2.-1], at 694 (2d ed. 1990) [hereinafter Moore’s Federal Practice] (mandamus is appropriate for cases “remanded on grounds not authorized by § 1447(c)”).
When Congress amended § 1447(c), it deleted the reference to “improvident removal” while simultaneously adding a requirement that motions to remand based on “any defect in removal procedure”[4] be made within 30 days. These changes reflect a congressional intent to delete improvident removal as an unreviewable basis for remand, at least when a motion to remand based on such improvident removal is made outside the 30-day time limit.[5] This leaves remand orders for lack of subject matter jurisdiction as the only clearly unreviewable remand orders. In the instant case, the district court based its remand order on § 1441(b) and not on lack of subject matter jurisdiction. While this basis may have been unreviewable under old § 1447(c) as an “improvident removal,” it is not unreviewable under the amended § 1447(c). Thus, we are able to review the district court’s remand order.
The Third Circuit adopted a similar view in Air-Shields, Inc. v. Fullam, 891 F.2d 63 (3d Cir.1989). In Air-Shields, the district court found that the defendant had untimely removed a case under 28 U.S.C. § 1446(b).[6] Id. at 64-65. The district court then sua sponte remanded the case to state court even though more than 30 days had elapsed since the time of removal. Id. at 64. The Third Circuit reviewed the remand on a writ of mandamus, noting that:
Because the district court’s remand decision ... was not based on the “controlling statute,” [i.e., newly amended § 1447(c)] our review is not limited by subsection (d) of Section 1447.... By remanding the case for procedural defects after the thirty day limit imposed by the revised Section 1447(c) had expired, the district court “exceeded [its] statutorily defined power.” Therefore, *1517 the “issuance of the writ of mandamus [is] not barred by § 1447(d).”
Id. at 66 (quoting Thermtron, 423 U.S. at 351, 96 S.Ct. at 593).
In summary, we agree with the Third Circuit that § 1447(d) does not bar review of remands not based on § 1447(c). Because the instant remand was not based on § 1447(c), we may review the district court’s remand order under the present writ of mandamus.
II.
Now that we have determined that we have jurisdiction to review the district court’s remand order, the next issue presented is the correctness of that order. The district court remanded plaintiffs’ case because two of the defendants were citizens of the forum state. Thus the district court held that the case should not have been removed under 28 U.S.C. § 1441(b). This brings us to the defendants’ argument that the requirements of § 1441(b) are waivable and that plaintiffs waived them by not filing a timely motion to remand. The defendants base their argument on the new text of § 1447(c) that “[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal.” The plaintiffs concede that their motion to remand was made more than 30 days after the notice of removal was filed. Thus the question becomes whether the presence of forum defendants in violation of § 1441(b) is a “defect in removal procedure” such that § 1447(c)’s time limit for motions to remand is applicable.
What does the language “any defect in removal procedure” mean? Professor Sie-gel explains that Congress sought to distinguish remands for “procedural defects” from remands that may arise after removal, particularly remands relating to the court’s ancillary jurisdiction.[7] Siegel, Commentary on 1988 Revision, 28 U.S. C.A. § 1447(c), at 53-54 (West Cum.Supp. 1991) [hereinafter Siegel, 1988 Commentary]; see also Siegel, Changes in Federal Jurisdiction and Practice Under the New Judicial Improvements and Access to Justice Act, 123 F.R.D. 399, 405 (1989).[8] Siegel asserts that § 1447(c) is written in such a way that a remand may be made after the 30-day limit if something arises later that would make remand proper. Siegel, 1988 Commentary, supra, at 53-54; see also H.R.Rep. No. 889, 100th Cong., 2d Sess. 72 (“[t]he amendment is written in terms of a defect in ‘removal procedure’ in order to avoid any implication that remand is unavailable after disposition of all federal questions leaves only State law questions”), reprinted in 1988 U.S.Code Cong. & Admin.News 5982, 6033 [hereinafter House Report].[9]
For example, a case with state and federal claims is properly removed to federal court. The federal claims are dismissed after 30 days. The federal court still has ancillary jurisdiction to hear just the state claims. However, the district court may want to remand those claims to state court. As Professor Siegel explains:
While the dropping out of the claim on which the other claims depended does not bring about a defect of subject matter jurisdiction — because the court has dis *1518 cretion to retain and try the remaining claims and a defect in subject matter jurisdiction can never allow that — neither is it to be deemed a mere defect of “procedure” that would trigger the 30-day rule.
Siegel, 1988 Commentary, supra, at 54. Professor Siegel’s model obviously does not fit today’s case. In the present case, the removal defect of which plaintiff complains (i.e., forum defendants) was present at the time of removal and did not arise later.
Other commentators agree with Professor Siegel that “any defect in removal procedure” would include a violation of § 1441(b). For example, Professor Moore states that “formal defects in removal procedure are waived unless raised in a motion to remand within 30 days after removal.” Moore’s Federal Practice, supra, 11 0.157[ll.-4], at 172-73. He asserts that such “an irregularity in removal is waiva-ble.” Id. at 173. More to the point, he cites as an example the instant situation of “where there is diversity but the defendant is a citizen of the state in which the action is brought.” Id. Professor Moore reiterates that “[t]he motion to remand must be made within 30 days after removal, if the objections are of a character that can be waived, such as formal and modal matters pertaining to the procedure for removal or the non-removability of a proceeding otherwise within federal jurisdiction.” Id. at 11 0.168[4.1], at 644 (footnotes omitted) (emphasis added).
Professor Moore further explains that the new text of § 1447(c) “makes a distinction between formal defects in removal procedure [and] lack of subject matter jurisdiction.” Id. at 642. Professors Wright and Miller agree. They state that the amendment to § 1447(c) “requires remand on any ground other than lack of subject matter jurisdiction to be sought within 30 days of the filing of a notice of removal.” Wright & Miller, supra, § 3739, at 95 (2d ed. Supp. 1990) (emphasis added); see also House Report, supra, at 72 (remand must be sought within 30 days “on any ground other than lack of subject matter jurisdiction”). Wright and Miller explain that the policy behind this rule is to “prevent a party who is aware of a defect in removal procedure from using the defect as insurance against later unfavorable developments in federal court.” Wright & Miller, supra, § 3739 at 95 (2d ed. Supp.1990); see also House Report, supra, at 72 (one aware of such a removal defect may hold the defect “in reserve as a means of forum shopping”).
The Third Circuit opinion in Air-Shields, Inc. v. Fullam, 891 F.2d 63 (3d Cir.1989) (discussed above), is the only appellate court interpretation of the relevant amendments of § 1447(c) that we have discovered.[10] In Air-Shields, the Third Circuit held that after the 30-day time limit of § 1447(c) had expired, the district court was powerless to remand a case improperly removed under § 1446(b). Id. at 66. Admittedly the § 1446(b) defect — failure to remove timely — at issue in Air-Shields is more clearly a procedural rather than a substantive remand defect. But we are persuaded by the language of the House report and the commentators that “any defect in removal procedure” includes all non-jurisdictional defects existing at the time of removal.[11]
*1519 Applying amended § 1447(c) to the instant case, we conclude that plaintiffs have waived any non-jurisdictional grounds for remand existing at the time of removal by not moving to remand within 30 days of the notice of removal. Improper removal under § 1441(b) is such a waivable removal defect. Plaintiffs concede that their remand motion was not made within this 30-day time limit.[12] We therefore grant the defendants’ petition for writ of mandamus to the district court and vacate its remand order.
Accordingly, the defendants’ petition for writ of mandamus is GRANTED, and the remand order of the district court is VACATED.

. Section 1447(d) has not been amended, and its text remains the same.

. We assume without deciding that this finding is correct.

. See, e.g., Midland Mortgage Co. v. Winner, 532 F.2d 1342, 1344 (10th Cir.1976) (per curiam) (an old § 1447(c) case which refused to review a remand based on § 1441(b)); see also Patient Care, Inc. v. Freeman, 755 F.Supp. 644, 652 (D.N.J.1991) (noting in dictum that remand based on § 1441(c) is unreviewable); Dawson v. Orkin Exterminating Co., 736 F.Supp. 1049, 1054 (D.Colo.1990) (remand based on § 1446(b) "would be unreviewable").

. As explained infra in part II, a removal in violation of § 1441(b) is a "defect in removal procedure” within the meaning of § 1447(c).

. Under new § 1447(c), remand orders based on lack of subject matter jurisdiction are clearly unreviewable. Arguably, remands based on timely motions to remand for a "defect in removal procedure" may also be unreviewable under the new statute. However, because the remand motion in this case was untimely, we need not decide whether remands based on timely motions would be unreviewable.

. Section 1446(b) sets a 30-day time limit for removal from the defendant’s receipt of the initial pleading or service of summons upon the defendant, whichever period is shorter. See 28 U.S.C. § 1446(b).

. While we follow Professor Siegel’s terminology by referring to "ancillary jurisdiction,” we note that under recently enacted legislation the term “supplemental jurisdiction” is to be used for all civil cases commenced on or after December 1, 1990. 28 U.S.C.A. § 1367 (West Cum. Supp.1991).

. According to Siegel:
The only reason for the inclusion of. the phrase "any defect in removal procedure”— since the amendment could have been simply phrased to impose the 30-day limit on all remand motions except one based on subject matter jurisdiction — is to avoid a construction that might prevent the court from making later remands in other than "procedural defect” situations [i.e., in cases involving ancillary jurisdiction].
Siegel, 1988 Commentary, supra, at 53 (emphasis added).

.No comparable Senate Report was submitted with this legislation. 1988 U.S.Code Cong. & Admin.News at 5982. However, this House Report "was subsequently presented to the Senate.” Greer v. Skilcraft, 704 F.Supp. 1570, 1576 (N.D.Ala.1989) (citing 134 Cong.Rec. S16,308-09 (1988)).

. In the only Fifth Circuit cases interpreting amended § 1447(c), the district courts’ remands were based on "lack of subject matter jurisdiction” and therefore clearly unreviewable under § 1447(d). See Tillman v. CSX Transp., Inc., 929 F.2d 1023 (5th Cir.1991); Soley v. First Nat'l Bank of Commerce, 923 F.2d 406 (5th Cir.1991).

. The district courts have differed in their application of § 1447(c). See Taylor v. St. Louis S.W Ry., 128 F.R.D. 118, 120 (D.Kan.1989) (although case improperly removed to federal court in violation of § 1441(b), plaintiffs' motion to remand denied because made after the 30-day time limit of § 1447(c)); see also Cook v. Shell Chem. Co., 730 F.Supp. 1381, 1382 (M.D.La.1990) (although worker's compensation case improperly removed to federal court in violation of § 1445(c) and improperly removed to the wrong federal district in violation of § 1441(a), plaintiff waived these defects in removal procedure by not filing her motion to remand within the 30-day time limit of § 1447(c)). But see Blackmore v. Rock-Tenn Co., Mill Div., 756 F.Supp. 288, 289-90 (N.D.Tex.1991) (district court may sua sponte remand case removed in violation of § 1445(c) even after the 30-day time limit of § 1447(c)) (citing *1519 Federal Deposit Ins. Corp. v. Loyd, 744 F.Supp. 126, 131-32 (N.D.Tex.1990)); Patient Care, Inc. v. Freeman, 755 F.Supp. 644 (D.N.J.1991) (remand order based on § 1441(c) — separate and independent removable claim joined with non-removable claim — issued more than 30-days after notice of removal filed).

. This case, unlike its companion case (In re Shell Oil Co., 932 F.2d 1523), does not involve any assertion by plaintiff of a "gentlemen’s agreement” with defense counsel allegedly extending the time limit allowed for moving to remand.