**Patricia M. HOWARD, Individually and as Executrix of the Estate of Charles Howard, Plaintiff,**

v.

**NORTHWEST AIRLINES, INC., Defendant.**

Civ. A. No. H–91–2731.

United States District Court, S.D. Texas, Houston Division.

Jan. 3, 1992.

**130**

John F. Nichols, Piro, Nichols, Lilly, Houston, Tex., for plaintiff.

William L. Maynard, Kevin M. Feeney, Beirne, Maynard & Parsons, Houston, Tex., for defendant.

## MEMORANDUM

HARMON, District Judge.

Plaintiff brings this action against Defendant Northwest Airlines, Inc. ("Northwest"), under the Texas Wrongful Death and Survival Statutes, Tex.Civ.Prac. & Rem.Code Ann. §§ 71.002, 71.021, claiming that the Defendant was responsible for the death of her father. Pending before the Court is the Defendant's Motion to Dismiss (Instrument # 3) and the Plaintiff's Motion for Remand (Instrument # 12). Having considered the motions, the responses, and the applicable law, this Court is of the opinion that Plaintiff's motion to remand should be denied and Defendant's motion to dismiss should be granted.

## I. BACKGROUND

The statement of facts will be presented in a light most favorable to the nonmoving party any factual conflict will be resolved in the nonmovant's favor.

On December 27, 1989, Charles E. Howard ("Decedent") embarked on a Northwest flight from Houston to Louisville with a stopover and change of planes necessary in Memphis. Northwest crew were requested to facilitate Decedent's transfer, as he was apparently not capable of that action himself. Northwest representatives arranged

to have this "meet and assist" maneuver implemented in Memphis. Needless to say the Decedent did not change planes but disembarked at the flight's culmination in Newark, New Jersey.

At that point a Northwest employee informed the Plaintiff that the Decedent was in poor health and may have to be admitted to a hospital. The employee was in turn notified that Decedent was a man of means and should be afforded "the best possible medical care." Decedent was admitted to St. James Hospital, a relatively modest facility, rather than the more sophisticated facilities at the New Jersey Trauma Center. While at St. James Hospital the Decedent's condition deteriorated necessitating his removal by airambulance to a facility in Louisville, Kentucky. Decedent expired on January 8, 1990.

In sum, Plaintiff seeks to recover for the wrongful death of Decedent due to the negligence of Northwest by its failure to meet and assist the decedent in Memphis and by its failure to heed instructions and provide him with quality medical care. Defendant moves to dismiss this action claiming that it is preempted by federal law.

## II. DISCUSSION

### A. *Motion to Remand*

This motion may be denied on both procedural and substantive grounds.

#### 1. Timeliness of Remand Motion

██ Severe limits have been placed on motions to remand. *See* 28 U.S.C. § 1447(c). The statute imposes a 30–day time limit on filing remand motions for defects in "removal procedure." *Id.* The failure to remove an action in a timely fashion is clearly a procedural remand defect. *In Re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir.1991). Therefore, those motions seeking remand based on a Defendant's improvident removal must be filed within 30–days of the notice of removal; those Plaintiffs not moving to remand within the statutory period are deemed to have waived any nonjurisdictional ground for remand. *Id.*, 932 F.2d at 1523.

Defendant removed this action, filed in state court on August 4, 1991, on September 13, 1991. However, notice of removal must be initiated within thirty days of notice of the state action. 28 U.S.C. § 1446(b). Clearly there was a defect in the removal procedure. Plaintiffs, however, waived their objection to the timeliness of the removal as their motion was filed more than thirty days after the removed action was instated.

#### 2. Federal Jurisdiction

██ While it is true that the Plaintiffs are the master of their complaint, when a federal basis for jurisdiction clearly exists the Plaintiff cannot avoid this fact. This Court has subject matter jurisdiction in this matter as the parties are diverse and the amount in controversy is more than the jurisdictional minimum. Moreover, the Plaintiff raises claims that relate to air carrier services which are governed by the Federal Aviation Act. 49 U.S.C.App. § 1305. Any complaint raising this type of claim is necessarily federal in character. *See generally Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (ERISA preemption).

### B. *Standard of Review*

#### 1. Motion to dismiss under Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides that a motion to "dismiss for failure to state a claim upon which relief can be granted" may be proffered to dismiss a claim. When a district court reviews the sufficiency of a complaint, before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Id.* In considering a motion to dismiss under Rule 12(b)(6), the District Court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts in the complaint. *La-Porte Constr. Co. v. Bayshore Nat'l Bank*,

805 F.2d 1254, 1255 (5th Cir.1986); *Windor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). Dismissal of a claim is improper "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1984).

Therefore, in challenging the sufficiency of the complaint under Rule 12(b)(6), the defendants bear the burden of proving that under no interpretation of the facts set forth in the complaint can the plaintiffs succeed. *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–02.

### C. *The Applicable Law*

#### 1. Preemption

■ The state law claims relating to the treatment of the Decedent are preempted by 49 U.S.C. § 1305(a)(1). The Federal Aviation Act specifically preempts state law. *O'Carroll v. American Airlines,* 863 F.2d 11, 13 (5th Cir.), *cert denied,* 490 U.S. 1106, 109 S.Ct. 3158, 104 L.Ed.2d 1021 (1989). The Court opined that § 1305 preempts all state law claims against airlines that relate to, among other things, airline services. *Trans World Airlines v. Mattox,* 897 F.2d 773, 780 (5th Cir.1990) (citing *O'Carroll v. American Airlines,* 863 F.2d at 13). A law relates to services if it has a "connection with or reference to" that subject. *Trans World Airlines v. Mattox,* 897 F.2d at 783. The Fifth Circuit has held that a claim under the Texas Deceptive Trade Practices Act, brought by the Texas Attorney General was preempted by § 1305(a)(1) as the action related to the Act. *Trans World Airlines v. Mattox,* 897 F.2d at 780 (suit against airline for deceptive advertising dismissed). Analogous application of such a broad definition of "relates to," requires a finding that the Plaintiff's wrongful death action relates to services provided by Northwest in its assistance of passengers with connecting flights and in services rendered to ill passengers. Plaintiff's argument that wrongful death and survival statutes have never been applied in this fashion is misplaced. It is clear that Plaintiff's claims relate to services, inasmuch as § 1305 applies it preempts those claims.

■ Plaintiff contends that her claim under the Texas Wrongful Death Statutes should not be preempted by the Federal Aviation Act, and to hold otherwise would leave the passenger without a remedy. However, the reality that a litigant may be left without a remedy must not factor into an analysis of the scope of preemption. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

■ There is no private right of action unless data exists demonstrating that Congress unequivocally intended to devise such a right. *See Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975). Several circuit courts that have addressed the question of whether § 1305 creates a private right of action, those Courts have uniformly answered in the negative. *Air Transp. Ass'n of Am. v. Public. Util. Comm'n of the State of Cal.,* 833 F.2d 200, 207 (9th Cir.1987); *Montauk–Caribbean Airways, Inc. v. Hope,* 784 F.2d 91, 97 (2nd Cir.), *cert. denied,* 479 U.S. 872, 107 S.Ct. 248, 93 L.Ed.2d 172 (1986). Inasmuch as the Courts have agreed that the legislative history indicates that Congress did not intend to create a private right of action, no such right exists under § 1305.

Moreover, although § 1374 provides, in part, for safe and adequate service, this Circuit has held that this section also implies no private right of action. *Diefenthal v. C.A.B.,* 681 F.2d 1039, 1048–50 (5th Cir. 1982).

The Plaintiff is not left without recourse, private parties may pursue administrative remedies and the Federal Aviation Administration or the Department of Transportation may bring suit directly. *See*

*Anderson v. USAir Inc.*, 818 F.2d 49, 55 (D.C.Cir.1987).

## III. CONCLUSION

This Court, having considered all other contentions presented, concludes for the reasons set forth above that Plaintiff's motion to remand should be denied and Defendant's motion to dismiss should be granted.