IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20824
Summary Calendar
_____

ANCHOR PAVING COMPANY,
doing business as Anchor, Inc.,

Plaintiff-Appellant,

versus

METROPOLITAN TRANSIT AUTHORITY
OF HARRIS COUNTY ET AL.,

Defendants,

MANHATTAN CONSTRUCTION CO.; W. KYLE GOOCH,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-2197)
- - - - - - - - - - -

July 6, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges

PER CURIAM:[*]

Plaintiff-Appellant Anchor Paving Company appeals the district court's denial of its motion to remand following the removal of this action from state court.

Anchor Paving first argues that the district court lacked subject-matter jurisdiction because no federal question existed. The district court had subject-matter jurisdiction to hear this

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case.  See Steel Co. v. Citizens for a Better Environment, 118 S. Ct. 1003, 1010 (1998); Bell v. Hood, 327 U.S. 678, 685 (1946).

Anchor Paving also asserts that this matter was improperly removed to federal court under 28 U.S.C. § 1441(c).  Anchor Paving did not raise this issue before the district court; we will therefore not consider the issue because it is waived.  In re Shell Oil Co., 932 F.2d 1519, 1523 (5th Cir. 1991).

Anchor Paving argues that the district court abused its discretion by not remanding its state-law claims to state court after it granted summary judgment on the federal claim.  The district court did not abuse its discretion.  See  Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994); Metropolitan Wholesale Supply, Inc. v. M/V ROYAL RAINBOW, 12 F.3d 58, 61 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 286 (5th Cir. 1992).  The judgment of the district court is
AFFIRMED.