Robert **SMOTHERMAN**, Plaintiff,

v.

**TEXACO EXPLORATION AND PRODUCTION, INC.,** Texaco Overseas Holdings, Inc. Texaco Overseas Petroleum Company, Texaco Overseas **(Nigeria) Petroleum Unlimited,** Texa-co **(Nigeria) Petroleum Limited,** Texa-co **Nigeria, PLC., and TRMI Holdings, Inc.,** Defendants.

No. 1:01–CV–281.

United States District Court, E.D. Texas, Beaumont Division.

July 24, 2001.

John W. Stevenson, Jr., Stevenson & Ammons, Houston, TX, for plaintiff Legion Indemnity.

Margaret Twomey Brenner, Hays McConn Rice & Pickering, Houston, TX, for defendants.

## MEMORANDUM

COBB, District Judge.

· This is a personal injury suit wherein Plaintiff Robert Smotherman alleges that he was assaulted and injured by a Nigerian villager while working on a production platform offshore Lagos, Nigeria. Plaintiff moves to remand the case to state court. He contends that—contrary to Defendants' assertion—he did not fraudulently join the only Texas resident defendant, and, therefore, the Court should remand the case. The Court concludes that Plaintiff did fraudulently join Texaco Exploration and Production, Inc., and thus, has failed to state a cause of action against it. Moreover, because there is complete diversity between the parties and Plaintiff waived his other objections to removal, his Motion to Remand is DENIED.

## I. Background

Smotherman was attacked by the Nigerian villager on June 8, 1999. He filed suit in Texas state court on March 22, 2001 against Texaco Exploration and Production, Inc. (TEPI), Texaco Overseas Holdings, Inc., Texaco Overseas Petroleum Company, Texaco Overseas (Nigeria) Petroleum Company Unlimited, Texaco (Nigeria) Petroleum Ltd., Texaco Nigeria, PLC, and TRMI Holdings, Inc. He claims that his injuries occurred during the performance of his duties for Defendants as an employee of American Aero Cranes. Smotherman further alleges that Defendants had an obligation to provide a safe work place and security to the persons working on the production platform. Defendants removed the case to this Court solely on diversity grounds. *See* 28 U.S.C. § 1332. Smotherman is a Louisiana resident. TEPI is a foreign corporation with its principal place of business in Texas. All other defendants are foreign corporations with their principal places of business in states other than Louisiana or Texas.

In his motion to remand, Plaintiff seeks to demonstrate that this Court lacks jurisdiction to hear this case. He proposes to do this by showing that TEPI was not fraudulently joined to defeat diversity. But as the facts indicate, there is complete diversity between Plaintiff and Defendants, as required for this Court to exercise diversity jurisdiction. *See Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806). "That the requisites for diversity jurisdiction are met, however, does not necessarily mean that a federal court may exercise such jurisdiction upon removal, for 'original subject matter jurisdiction and removal jurisdiction, although intimately related, are two separate concepts in the federal courts' and 'not all otherwise proper diversity suits are removable' since there are a number of statutory limitations upon removal." *See Nationalcare Corp., Inc. v. St. Paul Property and Casualty Ins. Co.,* 22 F.Supp.2d 558, 563–65 (S.D.Miss.1998) (quoting *Cross v. Bell Helmets, USA,* 927 F.Supp. 209, 211–12 n. 3 (E.D.Tex.1996)). The relevant limitation on removal jurisdiction in this instance is 28 U.S.C. § 1441(b), which prohibits removal if any defendant is a citizen of the state in which the action was brought. The Court will consider that limitation before it considers whether TEPI was fraudulently joined.

## II. Analysis

The general removal statute provides that in a case where the district court has jurisdiction through diversity (or any other means besides federal question), "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Thus, because TEPI is a Texas corporation for jurisdictional purposes, Smotherman has the limited right under § 1441(b) to object to the removal of this case. The right is limited in the sense that he waives the objection if he does not make it within 30 days after the filing of the notice of removal. *See* 28 U.S.C. § 1447(c); *In re Shell Oil Co.,* 932 F.2d 1518, 1521 (5th Cir.), *cert. denied,* 502 U.S. 1049, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992); *Nationalcare Corp., Inc. v. St. Paul Property and Casualty Ins. Co.,* 22 F.Supp.2d 558, 563–65 (S.D.Miss.1998).

In this case, Smotherman does not base his motion to remand on any alleged violation of § 1441(b). His sole argument in favor of remand is that TEPI was not fraudulently joined. He never mentions § 1441(b) or the rule preventing in-state defendants from removing to federal court; but he does cite § 1447(c) which provides that a motion to remand on

the basis of *any defect other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c) (emphasis added). The Fifth Circuit considered the meaning of "any defect other than lack of subject matter jurisdiction" and concluded that it included any non-jurisdictional defect that existed at the time of removal. *See Shell Oil,* 932 F.2d at 1521. As held in *Nationalcare Corp,* that includes removal by a local defendant. 22 F.Supp.2d at 564. In that case, an insurance company's general agent and its shareholders brought a state-court suit against the insurance company, its fidelity bond carrier, and the soliciting agent. The defendants removed the case to federal court on diversity grounds (there was complete diversity) even though the soliciting agent was a local defendant. The plaintiffs based their motion to remand solely on their claim that the local defendant had not been fraudulently joined to defeat diversity. According to the district court, that was insufficient to preserve the § 1441(b) objection. Thus, because "defendants' removal challenged not only the propriety of [the local defendant's] status as a party defendant, but also plainly asserted that there is diversity jurisdiction," the plaintiff waived his objection. *Id.* at 564. The same could be said of this case. The presence of TEPI, whether fraudulently joined or not, is thus no impediment to this Court's exercise of jurisdiction in this case. Because Plaintiff has not timely challenged (or challenged at all) the removal by the local defendant and because there is complete diversity between the parties, Plaintiff's motion to remand should be denied.

The fraudulent joinder issue, however, is not moot. If TEPI was fraudulently joined, then there would be another reason to reject Plaintiff's § 1441(b) objection—had it been made (since it would not be considered a local defendant). But there is a need to consider whether TEPI is a proper party in this lawsuit.

A removing party bears a "heavy burden of proving that the non-diverse defendants have been fraudulently joined." *See Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir.1995). The party must show either that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts or that there is absolutely no possibility that the plaintiff would be able to recover against the non-diverse defendant in state court. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746, 751 (5th Cir.1996). Defendants in this case seek to prove the latter; they must do so by clear and convincing evidence. *See Grassi v. Ciba–Geigy, Ltd.,* 894 F.2d 181, 186 (5th Cir.1990). The Court is to resolve this claim by a "summary judgment-like" procedure that includes examining evidentiary material. *See Sid Richardson,* 99 F.3d at 751.

Rather than conduct a full hearing on questions of fact, however, the Court must evaluate all factual allegations and ambiguities in favor of the plaintiff, using the controlling state law. *See Sid Richardson,* 99 F.3d at 751; *Burden,* 60 F.3d at 216. The Court need not decide whether the plaintiff will actually or probably prevail on the merits, rather it looks only for a possibility that he may do so. *See Dodson v. Spiliada,* 951 F.2d 40, 42 (5th Cir.1992). On the other hand, Plaintiff cannot avoid a finding of fraudulent joinder by asserting a mere hypothetical possibility of a cause of action. *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir.1999). "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonmoving party, [the question is]

whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990).

 Smotherman contends that the court must reject Defendants fraudulent joinder claims because they have failed to provide any evidence to rebut his allegations of alter ego. He promises to show that "these Defendants are sham corporate structures who failed to follow corporate formalities and as such, the act of one is the act of the other and their corporate identities should be disregarded." He also "would show that management and operations of these Defendants are assimilated to the extent that the subsidiaries are simply a name or conduit through which the parent conducts its business so that the corporate fiction should be disregarded." Finally, he would prove "that the parent maintains the right-to-control over subsidiaries." He concludes that if he can prove his alter ego, sham corporation, or business conduit allegations, then he would be entitled to recover against TEPI, and thus, the Court should reject the fraudulent joinder argument.

Defendants counter that TEPI is "a domestic corporation whose purpose is oil and gas production and exploration in the United States only and [that] it has no connection whatsoever with the activities and claims made the basis of the Plaintiff's lawsuit." Defendants also respond with the affidavit of William P. Soula, Assistant Secretary for TEPI. Soula avers, among other things, that TEPI: did not own, operate or control the Funiwa production platform off the coast of Nigeria where Plaintiff alleges he was injured; is a separate corporation from the other Defendants in this action; has its own separate by-laws and articles of incorporation and has obtained its own federal tax identification number; holds regular meetings of its board of directors and keeps and maintains written records of the proceedings of those meetings; and files its own tax returns, maintains its own bank account, holds title to property, and maintains its own separate offices, employees, and payroll. (Def.s' Resp. at 3).

 Under Texas law, the alter ego doctrine allows the imposition of liability on a corporation for the acts of another corporation when the subject corporation is organized or operated as a mere tool or business conduit. *See Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex.1986). "In lieu of articulating a coherent doctrinal basis for the alter ego theory," the Fifth Circuit has "instead developed a laundry list of factors to be used in determining whether a subsidiary is the alter ego of its parent." *See United States v. Jon–T Chemicals, Inc.*, 768 F.2d 686, 692 (5th Cir.1985). These factors include: (1) common stock ownership; (2) common directors or officers; (3) common business departments; (4) filing of consolidated financial statements and tax returns; (5) the parent finances the subsidiary; (6) the parent caused the incorporation of the subsidiary; (7) the subsidiary operates with grossly inadequate capital; (8) the parent pays the salaries and other expenses of the subsidiary; (9) the subsidiary receives no business except that given to it by the parent; (10) the parent uses the subsidiary's property as its own; (11) the daily operations of the two corporations are not kept separate; (12) the subsidiary does not observe the basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings; or (13) the directors and officers of the subsidiary act independently in the interest of that company, or whether they take their orders from the parent and act in the parent's interest. *Id.* at 691–92.

No one factor is determinative. *See Id.* at 694.

In this "summary judgment-like" procedure, the Court evaluates the factual allegations and ambiguities in favor of Plaintiff, to determine whether he has any possibility of recovery against TEPI. Even under this forgiving standard, however, Smotherman's allegations fail to state a valid alter ego claim under any of the *Jon–T* factors. Although Plaintiff is in no way required to prove his case, he cannot avoid a finding of fraudulent joinder by asserting a mere hypothetical possibility of a cause of action against TEPI. *See Griggs,* 181 F.3d at 700. But he offers no evidence to refute William P. Soula's affidavit. Moreover, his allegations are overly broad and do not indicate how corporate formalities were not followed, how the management and operations of the Defendants were assimilated, or how TEPI maintained the right to control over the other Defendants. These unsupported and overbroad allegations are insufficient to establish that the other defendants acted as TEPI's alter ego under the *Jon–T* factors or any other method used by Texas courts. Plaintiff, therefore, has failed to state a cause of action against TEPI.

### III. Conclusion

The Court concludes that Plaintiff did fraudulently join TEPI, and thus, has failed to state a cause of action against it. Moreover, because there is complete diversity between the parties and Plaintiff waived his other objections to removal, his Motion to Remand is DENIED.