# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 1, 2010

No. 09-40993

Charles R. Fulbruge III
Clerk

MARLA MELISSA MENENDEZ; ADELFA MANCILLAS MENENDEZ; GRISELL MENENDEZ MANCILLAS; ALICIA BEATRIZ MANCILLAS; MARLENE MENENDEZ MANCILLAS; ANA TERESA MANCILLAS,

Plaintiffs - Appellants

v.

WAL-MART STORES, INC.; WAL-MART STORES EAST, LP; WAL-MART REALTY; WALTON CONSTRUCTION COMPANY, INC.; WALTON CONSTRUCTION COMPANY, LLC; CARTER & BURGESS, INC.; JACOBS ENGINEERING GROUP, INC; JACOBS ENGINEERING, INC.; HANSEN-RICE, INC.; NES RENTALS HOLDING, INC.; NES EQUIPMENT SERVICES CORPORATION; NES EQUIPMENT RENTAL, LP; JLG INDUSTRIES, INC.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-cv-00348

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40993

This is an interlocutory appeal from an order denying the plaintiffs' motion to remand and granting the defendants' motion to amend their notice of removal to federal court. We AFFIRM.

## I. Background

This case arises from the death of Humberto Gustav Menendez. Mr. Menendez was fatally injured in Gas City, Indiana, while operating a lift ("the JLG lift") on a project to build a Wal-Mart Distribution Center. Marla Menendez, the daughter of the deceased, brought this action individually and as the personal representative of Mr. Menendez's estate in the 93rd Judicial District Court in Hidalgo County, Texas. Mr. Menendez's widow and remaining children joined in the lawsuit.

The plaintiffs assert two separate causes of action against the defendants. First, they assert a survival action on behalf of Mr. Menendez for the personal injuries, physical and mental pain and suffering, and other damages he suffered prior to his death. Second, each plaintiff asserts a wrongful death claim for the damages they sustained as a result of Mr. Menendez's death. The plaintiffs argue that the defendants were negligent "in the design, build, construction, and supervision of the premises and/or the JLG lift."[1]

The defendants filed a timely notice of removal to federal court, arguing that removal was proper because the plaintiffs had joined non-diverse defendant Carter & Burgess for the sole purpose of defeating diversity jurisdiction. The parties do not dispute that complete diversity would exist between the parties if defendant Carter & Burgess was not a party to the suit.[2] The plaintiffs moved

---

[1] The plaintiffs also assert strict liability and negligence claims against the manufacturer and owner of the JLG lift. Because the claims against the individual defendants other than Carter & Burgess are not relevant to the issues raised in this appeal, we do not distinguish the claims raised against each defendant.

[2] In addition to the diversity question, Carter & Burgess's presence in the lawsuit would create an impediment to removal under 28 U.S.C. § 1441(b) because Carter & Burgess

2

No. 09-40993

to remand the case, asserting that the defendants failed to properly allege the citizenship of the parties or the amount in controversy, and disputing that Carter & Burgess is an improperly named defendant.[3]

The district court granted the defendants leave to amend their notice of removal. The district court also denied the plaintiffs' motion to remand, concluding that the facts supporting diversity jurisdiction were apparent from the record; the plaintiffs' claims, either standing alone or aggregated, satisfied the amount in controversy requirement; and defendant Carter & Burgess had been improperly joined. Accordingly, the district court retained jurisdiction over the case. The plaintiffs filed this interlocutory appeal, challenging the district court's denial of its motion to remand, method of calculating the amount in controversy, and conclusion that non-diverse defendant Carter & Burgess was improperly joined.

## II. Standard of Review

We review a district court's exercise of jurisdiction de novo. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Factual determinations regarding jurisdiction are reviewed for clear error. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

The federal diversity statute, 28 U.S.C. § 1332(a)(2), states that federal courts have jurisdiction over all civil actions between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds

---

is a resident of the forum state. The "forum-defendant rule" is not jurisdictional and may be waived. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 393 (5th Cir. 2009).

[3] The defendants assert that the plaintiffs failed to file their motion to remand within the thirty-day period prescribed by 28 U.S.C. § 1447(c), and have accordingly waived their arguments about jurisdictional defects. The plaintiffs did file a motion to remand on December 26, 2008, within the thirty-day window, but the district court struck the motion as deficient. A proper motion to remand was not filed until January 13, 2009, outside of the thirty-day time limit. The plaintiffs do not dispute that their motion to remand was not timely filed.

$75,000. The statute requires complete diversity, meaning that a federal court may not exercise diversity jurisdiction if any one of the plaintiffs is a citizen of the same state as any one of the defendants. The federal removal statute, 28 U.S.C. § 1441, allows defendants to remove an action to federal court if the federal district court would have original jurisdiction based on diversity of citizenship and no defendant "is a citizen of the State in which such action is brought." § 1441(b); *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

The party seeking to invoke federal jurisdiction has the burden to prove by a preponderance of the evidence that federal jurisdiction exists. *Barrois*, 533 F.3d at 327. The basis for diversity jurisdiction must be "*distinctly* and *affirmatively* alleged." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (quotation marks and citation omitted). This court has stated that a failure to adequately allege the basis for diversity jurisdiction "mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna*, 200 F.3d at 339.

### III. Discussion

On appeal, the plaintiffs assert three claims of error in denying their motion to remand. First, they argue that the original notice of removal was defective and the district court erred by allowing the defendants to amend the notice of removal to properly demonstrate diversity jurisdiction. They further assert that the amended notice of removal is deficient because it fails to properly allege the citizenship of the relevant parties or that the amount in controversy requirement is satisfied. Finally, the plaintiffs argue that the district court erred by concluding that non-diverse defendant Carter & Burgess was improperly joined. We address each of these arguments in turn.

A. Defects in the Original Notice of Removal

The plaintiffs assert that the district court erred by allowing the defendants to amend their notice of removal to correct the deficient allegations. We find that the plaintiffs waived their objections to the sufficiency of the notice of removal because they failed to file a proper motion to remand within thirty days of the action being removed to federal court. *See* 28 U.S.C. § 1447(c); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991).

Further, the district court did not abuse its discretion by allowing the defendants to amend their notice of removal to allege facts supporting diversity jurisdiction. In granting the defendants leave to amend their removal notice, the district court relied on 28 U.S.C. § 1653, which grants courts the authority and discretion to allow parties to cure defective allegations of jurisdiction. The district court correctly observed that § 1653 should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 n.5 (5th Cir. 1988); *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887-88 (5th Cir. 2000). Therefore, the district court did not abuse its discretion by allowing the defendants to amend their notice of removal.

B. Denial of the Motion to Remand

The plaintiffs argue that the amended notice of removal is deficient because the defendants failed to properly show that the amount in controversy requirement is satisfied and the parties are diverse from one another. Accordingly, the plaintiffs argue that the district court erred by denying their motion to remand.

1. Amount In Controversy Allegations

The plaintiffs assert that the district court erred by finding that the amount in controversy requirement was satisfied. First, the district court concluded that each of the plaintiffs' claims satisfied the jurisdictional

No. 09-40993

requirement. Second, in the alternative, the district court found that the plaintiffs' claims could be aggregated to satisfy the $75,000 minimum. We conclude that each of the plaintiffs' claims satisfies the amount in controversy requirement; accordingly, we do not reach the issue of whether the plaintiffs' claims may be aggregated to satisfy the jurisdictional threshold.

To establish federal jurisdiction, the removing party must show that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If a defendant establishes "by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount," a plaintiff may defeat removal only by establishing to a legal certainty that his or her recovery will not exceed the statutory threshold. *In re: 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (quotation marks and citation omitted).

This court determines whether the defendants have satisfied the amount in controversy requirement by first asking whether it is "facially apparent" from the state court petition that the claims exceed $75,000 in value. *See Allen v. R.H. Oil & Gas Co.*, 63 F.3d 1326, 1336 & n.16 (5th Cir. 1995). If it is not facially apparent that the monetary requirement is satisfied, the defendants may establish federal jurisdiction by alleging facts—either in the petition for removal or by affidavit—that support a conclusion that the amount in controversy requirement is satisfied. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). In this case, the defendants did not introduce additional facts to show that the amount in controversy requirement was satisfied; rather, they asserted that it was facially apparent from the complaint that the jurisdictional threshold is satisfied.

No. 09-40993

We conclude that it is facially apparent that each plaintiff's wrongful death claim satisfies the amount in controversy requirement.[4] In the complaint, the plaintiffs, the children of Mr. Menendez, seek damages for their personal injuries, including their mental pain and suffering, sustained as a result of Mr. Menendez's death. Further, plaintiff Adelfa Mancillas de Menendez, the wife of Mr. Menendez, seeks damages for loss of companionship and consortium. These allegations, taken on their face, establish that the amount in controversy requirement is satisfied. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (holding that, based on the face of the complaint, the plaintiffs' claims for wrongful death exceeded the $50,000 amount in controversy threshold); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (holding that, on the face of a complaint for personal injury damages, the plaintiff's claims satisfied the $75,000 amount in controversy requirement); *Gebbia*, 233 F.3d at 883 (holding that it was facially apparent from the plaintiff's complaint that the amount in controversy was satisfied where the plaintiff alleged damages for mental anguish, suffering, loss of wages, and medical expenses).

Because the amount in controversy requirement is satisfied for each of the plaintiffs' wrongful death claims, we need not reach whether the plaintiffs' survival action satisfies the amount in controversy requirement. The district court could properly exercise supplemental jurisdiction over the survival action

---

[4] In so holding, we do not announce a per se rule that a wrongful death claim will always satisfy the amount in controversy requirement; rather, we conclude that the complaint in this case satisfies the jurisdictional threshold.

pursuant to 28 U.S.C. § 1367.[5] Accordingly, the district court did not err by concluding that the amount in controversy requirement was satisfied.

2. Diversity of Citizenship Allegations

The plaintiffs assert that the amended notice of removal is deficient because it fails to allege the citizenship of Mr. Menendez, the deceased. The federal diversity jurisdiction statute states that, in determining whether diversity jurisdiction exists, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). The amended notice of removal alleges only the citizenship of Marla Menendez, the personal representative of Mr. Menendez's estate, and not Mr. Menendez.

At oral argument and in their briefing before the district court, the plaintiffs conceded that Mr. Menendez was a citizen of Texas at the time of his death.[6] In any event, no one contends that Mr. Menendez was a citizen of the same state as any defendant other than Carter & Burgess. Thus, any defect in the amended notice of removal is purely technical and the plaintiffs waived any objections to the notice of removal by failing to file timely a proper motion to remand. *In re Shell Oil Co.*, 932 F.2d at 1523. To remedy the technical defect, we grant the defendants' motion for leave to amend their notice of removal

---

[5] While a survival action is brought on behalf of the deceased, the cause of action and any attendant recovery belongs to the heirs of the deceased or the deceased's legal representative or estate. *See* TEX. CIV. PRAC. & REM. CODE § 71.021 (stating that the survival action "survives to and in favor of the heirs, legal representatives, and estate of the injured person"). Thus, the survival action and wrongful death actions, while separate causes of action, are closely related and the exercise of supplemental jurisdiction is not improper.

[6] We treat the plaintiffs' statement in their briefing before the district court that Mr. Menendez was a citizen of Texas as a binding judicial admission. *See City Nat'l Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990) (noting that the court may "appropriately treat statements in briefs as binding judicial admissions of fact"); *see also Ruiz v. Allstate Ins. Co.*, 295 F. App'x 668, 671-72 (5th Cir. 2008) (unpublished) (finding improper joinder where plaintiff admitted in his briefing before the district court that his claims against the non-diverse defendant lacked merit).

contained in their appellate response brief and hold that the district court did not err in concluding that the facts supporting diversity jurisdiction between the plaintiffs and the out-of-state defendants were apparent from the record. *See* 28 U.S.C. § 1653 (stating that defective allegations of jurisdiction "may be amended, upon terms, in the trial *or appellate* courts") (emphasis added); *see also Carlton v. Baww, Inc.*, 751 F.2d 781, 783 (5th Cir. 1985) (granting leave on appeal to amend the jurisdictional allegations in the complaint and affirming the decision of the district court on the merits).   Defendants are ordered to file an amended notice of removal in the district court stating Mr. Menendez's citizenship within thirty days of this opinion.

3. Improper Joinder

In the final step of determining whether diversity jurisdiction exists, we now address whether the plaintiffs improperly joined defendant Carter & Burgess to defeat diversity jurisdiction.  The parties agree that if non-diverse defendant Carter & Burgess was properly joined, federal jurisdiction does not exist and the case should be remanded to state court.

The district court found that there was no reasonable possibility that the plaintiffs could recover from resident defendant Carter & Burgess and thus concluded that Carter & Burgess was improperly joined.  The district court relied on the affidavit of Ed Hess, an employee of Carter & Burgess, to conclude that Carter & Burgess did not owe the decedent or the plaintiffs any legal duty with respect to the building, construction, supervision, or control over the premises or lift because they were not involved in these tasks. Alternatively, the district court held that the plaintiffs had failed to attach a certificate of merit in support of their claims for professional negligence against Carter & Burgess, as required by Texas Civil Practice & Remedies Code § 150.002.  We hold that, based on the Hess affidavit, there is no reasonable possibility that the plaintiffs

can recover from in-state defendant Carter & Burgess; accordingly, we affirm the district court's finding that Carter & Burgess was improperly joined.[7]

The federal removal statute states that suits that arise under diversity jurisdiction are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Improper joinder may be established by either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citation omitted). In this case, there is no claim that the plaintiffs fraudulently pleaded jurisdictional facts; accordingly, only the second type of improper joinder is at issue.

To determine whether non-diverse defendant Carter & Burgess was improperly joined, we ask "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [Carter & Burgess], which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [it]." *Smallwood*, 385 F.3d at 573. Put another way, "there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quotation marks and citation omitted). The burden of persuasion on a party asserting improper joinder is a "heavy one." *Id.*; *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009).

In analyzing whether a plaintiff has demonstrated a reasonable possibility of recovery, the district court may "conduct a Rule 12(b)(6)-type analysis, looking

---

[7] In so holding, we decline to reach the second basis for the district court's decision that Carter & Burgess was improperly joined. We express no views on whether Texas Civil Practice & Remedies Code § 150.002 precludes the plaintiffs from recovering from Carter & Burgess.

initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant," or "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. In doing so, however, the court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Any ambiguities in state law or contested fact issues must be resolved in favor of the plaintiff. *Id.* "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

The sole allegations against defendant Carter & Burgess appear in Count I of the plaintiffs' complaint. They assert that the defendants "were negligent in the design, build, construction, and supervision of the premises and/or the JGL lift by failing to recognize, eliminate, or control hazards, which resulted in the injury and subsequent death of the decedent." A claim of negligence consists of three essential elements: "1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damages proximately resulting from the breach." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). To establish liability, the plaintiffs must demonstrate both the existence and the violation of a legal duty owed to the plaintiffs by the defendant. *Id.*

In support of their fraudulent joinder argument, the defendants submitted the affidavit of Ed Hess, a senior project manager for Carter & Burgess.[8] Hess testified about the extent of the services provided by Carter & Burgess for the Wal-Mart Distribution Center project. Hess stated that:

---

[8] The plaintiffs moved to strike the Hess affidavit in the district court. The district court denied the motion. The plaintiffs-appellants have not appealed the denial of the motion to strike.

No. 09-40993

> The scope of services [provided by Carter & Burgess] specifically excludes authority over or responsibility for the means, methods, techniques, sequences or procedures of construction selected by contractors. The scope of services further specifically excludes any responsibility for or involvement in safety precautions and programs incident to the work of contractors. Further, the scope of services dictates that Carter & Burgess is not responsible for the failure of any contractors to comply with the laws, rules, regulations, ordinances, codes, or orders applicable to contractors furnishing or performing their work.

Accordingly, the defendants assert that Carter & Burgess cannot be held liable for the injuries and death of Mr. Menendez.

In response, the plaintiffs assert that the district court erred by conducting a summary inquiry into the merits of their claims against Carter & Burgess, rather than a Rule 12(b)(6)-type inquiry. This argument fails. We have repeatedly held that a court may pierce the pleadings and consider summary-judgment-type evidence to determine whether joinder of a party was proper. *Smallwood*, 385 F.3d at 573. Indeed, in *In re: 1994 Exxon Chemical Fire*, this court examined extensive deposition testimony and affidavits to determine whether the plaintiffs could show individual liability for any of the allegedly improperly joined defendants. 558 F.3d at 385-87. After that review, we concluded that the individual defendants were improperly joined because no evidence in the record showed that the non-diverse defendants were personally liable for the tortious conduct. *Id*. at 386-87; *see also Kling Realty Co., Inc.*, 575 F.3d at 516 (concluding from the evidence in the record that the non-diverse defendants were improperly joined because no evidence supported a reasonable possibility of recovery against them). Where the record fails to support a *reasonable* possibility of recovery and merely suggests a theoretical possibility, this court has found improper joinder.

No. 09-40993

Here, the plaintiffs argue that Carter & Burgess provided project management services, and thus may be held liable for the negligent provision of these services or the creation of a dangerous condition.  The plaintiffs rely on *Mathis v. RKL Design/Build*, 189 S.W.3d 839 (Tex. App.—Houston 2006, no pet.).  The court in *Mathis* did observe that, in a premises liability action, "[a] general contractor on a construction site, who is *in control* of the premises, is charged with the same duty [to keep the premises under his control in a safe condition.]" *Id*. at 844.  But where a defendant lacked control over the allegedly unsafe premises, the defendant does not owe the plaintiff a duty of care.  *Id*. at 845.

In this case, there are no facts in the record showing that Carter & Burgess "owned, occupied, or created the [JLG lift] or agreed to make it safe," or that it actually controlled the premises.  *Mathis*, 189 S.W.3d at 845.  Nor have the plaintiffs alleged any link between the services provided by Carter & Burgess and the death of Mr. Menendez.  Carter & Burgess was not a general contractor and did not provide similar services.  The plaintiffs have not contested Hess's testimony that the Carter & Burgess contract expressly disclaimed responsibility for the supervision of other contractors or the safety of the premises.    Accordingly, the district court did not err by concluding that defendant Carter & Burgess was improperly joined because there was no reasonable possibility that the plaintiffs could recover from it.[9]  *See In re: 1994 Exxon Chem. Fire*, 558 F.3d at 386-87 (finding that defendants were improperly

---

[9] The defenses asserted by Carter & Burgess do not apply equally to the remaining defendants; accordingly, the district court did not err by denying the motion to remand.  *See Rico v. Flores*, 481 F.3d 234, 237 (5th Cir. 2007) (noting that, under *Smallwood*, "a district court must remand a case where a defendant asserts a defense in support of improper joinder that is dispositive of all claims in the action"); *Smallwood*, 385 F.3d at 571.

No. 09-40993

joined because the plaintiff failed to allege facts showing that the non-diverse defendants were responsible for the injury alleged).

## IV.  Conclusion

For the foregoing reasons, the motion for leave to amend is GRANTED, the order of the district court granting leave to amend and denying the motion to remand is AFFIRMED, and the case is REMANDED for further proceedings.